## Southeastern Greyhound Lines v. Myers.

Nov. 18, 1941.

338

R. W. Keenon and W. E. Rogers for appellant.

Trimble & Trimble and Walker & Walker amici curiae.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER, —Reversing.

The question involved on this appeal is whether service can be had under Section 12-1, Kentucky Statutes, on a non-resident for an action instituted against him for contribution to the payment of a judgment obtained against plaintiff for damages resulting from the joint and concurrent negligence of the parties, as is authorized by Section 484a, Kentucky Statutes.

Section 12-1 of the Statutes provides:

"That any non-resident of this Commonwealth, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this Commonwealth to non-resident operators and owners of operating a motor vehicle or having same

operated, within the Commonwealth of Kentucky, shall by such acceptance, and by the operation of such motor vehicle within the Commonwealth of Kentucky, make and constitute · the Secretary of State of the Commonwealth of Kentucky his, her or their agent for the service of process in any civil suit or proceeding instituted in the courts of the Commonwealth of Kentucky against such operator or owner of such motor vehicle, arising out of, or by reason of any accident or collision or damage occurring within the Commonwealth in which such motor vehicle is involved.''

Section 484a recites:

''That contribution among wrong doers may be enforced where the wrong is a mere act of negligence and involves no moral turpitude.''

The petition alleged that on February 2, 1938, a collision occurred between a bus owned and being operated by appellant, the Southeastern Greyhound Lines, and a truck owned and driven by appellee, Karl Myers, as a result of the concurrent negligence of both drivers. One of appellant's passengers, Charles Thompson, suffered the loss of one eye as a result of the accident. Suit was filed by Thompson against appellant and on the day set for trial an agreed judgment was entered in Thompson's favor in the sum of $2,200 and costs of that action. Myers was not a party to the suit. After the judgment was paid, appellant called on appellee to contribute thereto, and, upon his refusal, this suit was filed in the circuit court of Christian county, Kentucky, to require him to do so.

Copies of the summons and petition were served on the Secretary of State, as agent for appellee, under the provisions of Section 12-2, Kentucky Statutes. The Secretary of State transmitted the documents by registered mail to appellee at his postal address in Olney, Illinois. The latter signed a receipt for the registered letter which was filed with the petition. Appellee, by counsel, appeared specially and moved the court to quash service of the summons, thereby disputing the court's jurisdiction of him as a party defendant. His motion was sustained, and, appellant declining to amend or ask for further service of process, the petition was dismissed, from

which rulings of the court this appeal has been perfected.

The appellee has not formally appeared in this court but the attorneys employed by him in the court below have moved for, and have been granted, permission to appear as amici curiae; and have moved the court to dismiss the appeal on the ground that the case is moot under the contention that the final order was a voluntary dismissal by plaintiff of its petition. If wrong in that contention, they ask that the judgment be affirmed.

The final order reads:

"This case being submitted to the Court on the defendant's motion to quash service of summons, and it appearing that the defendant is a nonresident of Kentucky and now absent therefrom, and that the service of process was had by serving a copy of the summons on the Secretary of State, and the court being advised, is of the opinion that this court does not have jurisdiction of the defendant, and it is thereby ordered and adjudged that the motion to quash be and is hereby sustained, and the plaintiff then declined to amend or ask for further service of process, it is ordered that the plaintiff's petition be and the same is hereby dismissed, to all of which the plaintiff objects and excepts and prays an appeal to the Court of Appeals, which is granted."

We see no language contained in the order which indicates that appellant voluntarily dismissed its petition. It is claiming that the process issued was duly served, by reason of which the defendant is within the jurisdiction of the court. The trial judge ruled otherwise; therefore the order dismissing the petition was the action of the court, not of appellant, who, on the contrary objected, excepted, prayed and was granted an appeal to this court. The motion to dismiss must therefore be overruled.

Appellant contends his cause of action against appellee is one which arose out of or by reason of the negligence of appellee in the operation of his automobile at the time of the accident in which Mr. Thompson was injured; while it is the contention of amici curiae that the cause of action, if any there is, arose out of an implied contract under Section 484a, Kentucky Statutes. The question presented is one of first impression for this

court and neither counsel nor we have been successful in our search for authorities from other jurisdictions, although several states have statutes similar to Section 12-1. The primary liability of appellee, if he was negligent, was to the injured person, but, by payment of the claim, appellant became subrogated to the injured person's right to recover from appellee to the extent of one-half of any reasonable amount paid by appellant. In actions of this kind it is necessary to plead and prove the happening of the accident, the injuries sustained, the negligence of the defendant, and the reasonableness of the sum paid in compromise of the claim. Those are the elements that fix liability on the defendant and make him responsible to the person entitled to the claim. It is true the right in appellant to maintain the action arises from a contract implied from the provisions of Section 484a but the subject matter of the proceeding arose out of and by reason of the accident. Section 12-1 does not require the plaintiff in such an action to be someone who is not specifically given the right by statute to maintain a suit for contribution, nor does it prohibit institution of the suit by one who has acquired such right by statute. That appellant acquired the right to assert the claim by implied contract does not militate against his right to take advantage of the provisions of Section 12-1, nor does it alter the fact that the proceeding is essentially a civil case instituted in one of the courts of the Commonwealth of Kentucky against a non-resident operator and owner of a motor vehicle, arising out of and by reason of an accident occurring within the Commonwealth in which such motor vehicle was involved. That being true, the Secretary of State was the process agent of the defendant and service on the agent brought the principal within the jurisdiction of the court.

The judgment is reversed for proceedings consistent with this opinion.

Whole court sitting; Judges Perry, Tilford and Cammack dissenting.