## ST. LEWIS v. MORRISON et al.
### No. 568.

District Court, W. D. Kentucky,
Louisville Division.
July 8, 1943.

Hugh M. Morris and E. D. Steel, Jr., both of Wilmington, Del., and J. V. Norman and David R. Castleman, both of Louisville, Ky., for plaintiff.

Irvin Marcus, Davis, Boehl, Viser & Marcus, and Ogden, Galphin, Tarrant &

Street, all of Louisville, Ky., for defendants.

MILLER, District Judge.

This action is before the Court on defendants' motions to dismiss the complaint.

Cummins Distilleries Corporation, incorporated under the laws of Delaware, was dissolved on December 31, 1942, in accordance with a plan for complete liquidation approved by the common stockholders and thereafter adopted and carried out by proper resolutions of the board of directors. Under this plan the board of directors made provision for the payment of all known and contingent corporate liabilities, including the distribution of the necessary funds for the liquidation of the outstanding preferred stock. The corporation owned warehouse receipts representing 51,694 barrels of whiskey, which were distributed in kind to the common stockholders. 80% or more of the common stockholders created and authorized a distribution committee to receive and dispose of these warehouse receipts on their behalf. During January, 1943, the distribution committee negotiated sales of the warehouse receipts to about six purchasers from which it realized approximately $3,000,000. About January 21, 1943, the distribution committee deposited the $3,000,000 with the Louisville Trust Company and authorized and directed the Trust Company to make payment of $13.50 upon each share of common stock of the corporation upon surrender and delivery to it of the certificates for such stock properly endorsed. Many of the stock certificates were thereafter delivered to the Trust Company which issued its checks in the aggregate amount of $2,204,617.50 to the persons who had surrendered the certificates. Of the checks so issued a total of $1,999,485 were presented and paid by the Trust Company. On January 26, 1943, Seldon R. Glenn, Collector of Internal Revenue for Kentucky, made an unexpected jeopardy assessment of income tax against Cummins Distilleries Corporation in the sum of $1,500,000, for the payment of which no provision had been made by the plan of liquidation. There being insufficient assets remaining in the hands of the corporation to take care of this claim, the Collector served upon the Trust Company a notice of levy, notice of tax lien under the Internal Revenue Laws and a warrant of distraint against the remaining funds of the $3,000,000 deposited by the Committee.

Accordingly, the remaining outstanding checks were not paid by the Trust Company upon their presentment and no further checks were issued to the remaining stockholders who had not presented and surrendered their certificates. The Trust Company has on deposit approximately $1,000,515 out of the $3,000,000 initially deposited with it by the Distribution Committee. The outstanding unpaid checks of the Louisville Trust Company against this fund total $205,132.50 which are held by approximately 14 persons, one of whom is the plaintiff in this action, Roy St. Lewis, who holds the Trust Company's check in the amount of $150,147 payment of which has been refused by the Trust Company. This action is filed by him individually and as a representative of a class consisting of other former holders of common stock of the corporation who received a distribution in kind of the warehouse receipts in question, but who have not received their share of the proceeds resulting from the sale of such receipts. The complaint alleges that these persons are over 450 in number and constitute a class so numerous as to make it impractical to bring them all before the Court. The defendants are the other holders of common stock of the Cummins Distilleries Corporation who surrendered their certificates to the Trust Company and who received through the cashing of the checks given in exchange therefor their portion of the proceeds of sale of the warehouse receipts. The complaint asks that it be adjudged that the defendants exonerate the plaintiffs from paying any part of the corporation's alleged tax liability in excess of what would be the proper portion thereof on the part of each plaintiff and that the defendants be required to return to the Trust Company or to the distribution committee the $1,999,485 received by them, or that they pay said amount into the registry of the Court or to a receiver appointed by the Court to be held subject to the further order of the Court, or that they be required to furnish to the plaintiffs such indemnification as will fully protect the plaintiffs in the premises.

In the oral argument on defendants' motions to dismiss the plaintiff apparently based his right to the relief prayed for upon the principle of contribution. The argument was directed to a consideration of several phases of that equitable principle. However, plaintiff's brief filed several days later proceeds upon what is

termed therein as a different and distinct equitable principle. It states "this is not a suit for contribution, but is a suit for restoration to a common fund which is subject to a common liability. The prayer in the petition does not ask for any contribution to the plaintiffs, but only that those who have withdrawn sums from a common fund be required to restore them to the fund, which fund is to be under the direction and control of the Court until such time as the preferred claims against the fund may have been determined." However, this statement apparently overlooks certain allegations contained in the complaint. Paragraph 14 alleges that the defendants should be required to exonerate the plaintiffs from paying more than their part of the alleged tax liability, "and individual defendants severally should be required to make contribution for the payment of such percentage of said alleged tax liability * * * *." Paragraph (a) of the prayer asks that a decree be entered adjudging that the defendants exonerate the plaintiffs and to make contribution for the payment of the proper percentage of the alleged tax liability. But disregarding names and accepting the plaintiff's suggested terminology that this is a suit for restoration to a common fund which is subject to a common liability, it would seem to be necessarily based upon the same general equitable principles that underlie the principle of contribution. Contribution is the right of one who has discharged a common liability to recover of another also liable the aliquot portion which he ought to pay or bear. The doctrine rests on principles of equity and natural justice, and not on contract. It is an attempt by equity to distribute equally among those who have a common obligation the burden of performing that obligation. 18 C. J. S. Subject Contribution, §§ 1 and 2. Regardless of the terminology used by the plaintiff the relief sought by his complaint is therefore essentially the relief provided by the equitable principle of contribution. He seeks to distribute equally among all the stockholders the burden of paying the claimed tax liability which is the common burden of all the stockholders who received the assets of the corporation. In seeking such equitable relief he can not avoid the application of the rules which govern the granting of such relief, merely by making an immaterial change in the terminology used.

Testing the plaintiff's complaint by the well settled principles of contribution it follows that it fails to state a cause of action. Although the right to contribution is inchoate from the date of the creation of the relation between the parties, yet it is not complete, so as to be enforceable, until there has been an actual payment of the common obligation for which contribution is asked. Consolidated Coach Corporation v. Wright, 231 Ky. 713, 720, 22 S.W.2d 108; Consolidated Coach Corp. v. Burge, 245 Ky. 631, 54 S.W. 2d 16, 85 A.L.R. 1086; M. Livingston & Co. v. Philley, 155 Ky. 224, 226, 159 S.W. 665; Louisville Gas & Electric Co. v. Beaucond, 188 Ky. 725, 741, 224 S.W. 179; 18 C. J. S., Subject Contribution, § 4. In Southeastern Greyhound Lines v. Myers, 288 Ky. 337, 341, 156 S.W. 2d 161, 138 A.L.R. 1461, it was pointed out that a pleading seeking such relief must show that the liability for which contribution is asked has been paid. The complaint in the present case does not allege that the plaintiff or any of those for whom he sues has paid the alleged tax liability. On the contrary, in paragraph 13 it asserts that the corporation is not liable to the Collector of Internal Revenue for any unpaid taxes and that the stockholders of the corporation, as transferees of the corporate assets, are likewise under no tax liability to the Collector of Internal Revenue. The complaint accordingly presents merely a situation where a third party is asserting an unwarranted claim against the plaintiff, who fearing the possibility of an adverse decision is seeking to fully protect himself against such a contingency. This is the same situation which was presented to the Court in Consolidated Coach Corporation v. Wright, supra, where the Kentucky Court of Appeals declined to provide such protection, and ruled that the actual discharge of the obligation was necessary before equitable relief would be granted. It will be noticed that the Court there stated the rule as applicable to either a case of "contribution or indemnity". Certainly the plaintiff's claim herein falls within that classification, regardless of the terminology used. If payment of the common obligation was a condition precedent in that case, there would seem to be no reason why it should not also be a condition precedent in this case. The same reasons urged upon the Court now for an extension or modification of the rule were equally applicable there.

Plaintiff relies strongly upon the well-accepted rule that the assets of a corporation distributed to its stockholders constitute a trust fund for the payment of the corporate debts, with resulting liability on the part of the stockholders who have received such assets. That is conceded by the defendants and recognized by the Court. But that well-accepted principle of law does not negative the other equally well-accepted principle that such liability on the part of a stockholder must be first paid before contribution or indemnity can be enforced by him against other stockholders.

Plaintiff also stresses the fact that the funds deposited with the Louisville Trust Company constituted a trust fund for the payment of the corporate debts and that improper withdrawals from such a fund should be restored by a court of equity to keep the trust res inviolate. This contention appears to incorrectly appraise the nature of the deposit with the Louisville Trust Company. The money was not placed there as a trust fund for the purpose of paying corporate liabilities, but it was a deposit by an agent of the stockholders after the corporation had completely divested itself of these assets. The agent placed those funds on deposit for the sole purpose of distribution to the stockholders, and such distribution as was actually carried out was entirely legal and proper. It broke up the joint ownership of those funds into separate ownerships. The 14 stockholders who did not withdraw their money now jointly own the remaining funds on deposit with the Louisville Trust Company. The remainder of that deposit is now separately owned by the various stockholders who cashed their checks. Having been correctly and properly disbursed there is no reason, other than the claim of contribution or indemnity hereinbefore discussed, why the fund should be restored to its original amount. There is no trust res to preserve. The funds in the hands of the separate stockholders are just as much subject to attack by the Collector of Internal Revenue as are the funds owned by the 14 stockholders who left their money on deposit. Plaintiff's real complaint is that the Collector of Internal Revenue elected to proceed against some of the stockholders and not against the remaining stockholders. The Court can not control or review this unquestioned right on the part of the Collector, although the ultimate result of that action may present a case for further consideration.

Defendants' motions to dismiss the complaint are sustained.