STATE OF MARYLAND, for the Use of Hedwig KROPIUNIK, surviving wife of Frank Kropiunik, deceased, and Ilse Sachs, executrix of the estate of Frank Kropiunik, deceased,

v.

Amos MAST, John Curtis Taylor, and A. Duie Pyle, Inc., a Pennsylvania corporation.

No. 8844.

United States District Court
D. Maryland, Civil Division.

Oct. 10, 1956.

Palmer R. Nickerson, Baltimore, Md., for plaintiffs.

Paul M. Higinbothom and Paul R. Kach, Baltimore, Md., for defendants.

THOMSEN, Chief Judge.

The defendant Mast has moved to quash the service of process on him, made under the substituted service law of Maryland, Code art. 66½, sec. 113, which permits such service on a non-resident individual, firm or corporation in a case arising out of "any accident or collision in which said non-resident may be involved, while operating or causing to be operated, a motor vehicle" in Maryland.

The facts essential to the decision of this motion are not disputed. The de-

fendant Mast, owner of a tractor-trailer unit, told his employee, the defendant Taylor, in Delaware, to drive the unit into Maryland to see if he could get a load. Taylor drove the unit to Baltimore, and there, on behalf of Mast, entered into a single trip lease with the defendant A. Duie Pyle, Inc., under which Taylor picked up a load of steel at Sparrows Point, Maryland, to be carried to Connecticut under Pyle's I. C. C. permit. While still in Maryland, on that trip, the collision occurred on which this suit is based. Taylor remained on Mast's payroll at all material times.

Under these facts it is clear that Mast "caused the vehicle to be operated" in Maryland at the time of the collision. Whether Mast is liable, under the doctrine of respondeat superior, for any negligence on the part of Taylor, will be decided at the trial on the merits, unaffected by this decision.

The motion to quash is denied.