BURNETT *v.* AGENT.

5-1322                                          303 S. W. 2d 575

Opinion delivered June 24, 1957.

*Dobbs, Pryor & Dobbs,* for appellant.

*Hugh M. Bland,* for appellee.

GEORGE ROSE SMITH, J. This is an action brought by the appellant, Joe Burnett, under the statute permitting contribution among joint tortfeasors. Ark. Stats. 1947, § 34-1002. Service of process upon the appellee, Jane Agent, was obtained by serving a summons on the Secretary of State under the act relating to nonresident motorists. Ark. Stats., § 27-342.1. The trial court sustained the appellee's motion to quash the service, on the ground that the act providing for substituted service on nonresident motorists does not apply to a suit of this kind.

Burnett and Miss Agent were involved in an automobile accident in Fort Smith last year. Miss Agent, a resident of Oklahoma, was driving a car belonging to her father, Watie Agent. In litigation in the federal court Watie Agent obtained a judgment for $1,200 for the damage to his car, with the jury fixing Burnett's negligence at 80 per cent and Jane Agent's negligence at 20 per cent. Burnett paid the judgment and brought this action to enforce his claim for contribution in the amount of $240.

The statute provides that a nonresident who drives a motor vehicle on the highways of this state is deemed

to have appointed the Secretary of State as his agent for service "in any action or proceedings against him . . . growing out of any accident or collision" in which the nonresident may be involved while operating a motor vehicle on our highways. Ark. Stats., § 27-342.1. The other statutory conditions being present, the only question is whether this action grows out of the accident.

We have no doubt that it does, and the point has invariably been so decided elsewhere. *Dart Transit Co.* v. *Wiggins,* 1 Ill. App. 2d 126, 117 N. E. 2d 314; *Southeastern Greyhound Lines* v. *Myers,* 288 Ky. 337, 156 S. W. 2d 161, 138 A. L. R. 1461; *McKay* v. *Citizens Rapid Transit Co.,* 190 Va. 851, 59 S. E. 2d 121. We are not convinced by the appellee's argument that this action grows instead out of the proceedings in the federal court. A jury verdict cannot be regarded as creating a liability where none existed before. It is merely a step in the procedure by which an unliquidated tort liability is reduced to a fixed sum. The intervention of the federal court case does not break the direct connection between the appellee's liability, which arose at the time of the collision, and the present suit for contribution.

Reversed.