JACKSON S. CANNON et al., appellants, v. CENTURY CONSTRUC-
TION COMPANY, a corporation, appellee.

No. 50151.

(Reported in 106 N.W.2d 65)

NOVEMBER 15, 1960.

Joseph L. Phelan, of Fort Madison, for appellants.

Bradshaw, Fowler, Proctor & Fairgrave, of Des Moines, for appellee.

OLIVER, J.—This action was instituted in Lee District Court against Century Construction Company, an Iowa corporation, for indemnity, or, in the alternative, for equitable contribution, to recover all or part of the amount of a judgment, plus expenses, paid by plaintiffs, which judgment Edna R. Robb and James C. Robb had secured against plaintiffs, in Lee District Court, for personal injuries and damage to property suffered in a motor-vehicle collision in Lee County. At the time of the collision plaintiffs were engaged in highway construction work in Lee County. They state Century was also engaged in road construction at approximately the same location. The petition alleges the collision was caused by the negligent failure of Century's flagman, who was directing traffic there, to maintain a proper lookout and flag down plaintiffs' dump truck in time to permit its driver to bring it to a stop and avoid colliding with the rear of the Robb sedan.

Defendant moved for change of venue from Lee County to Polk County, on the ground the action was brought in the wrong county. Rule 175, Rules of Civil Procedure. Polk County is defendant's principal place of business as stated in its Articles of Incorporation and, hence, is its statutory residence. State ex rel. Northwestern Land & Colonization Co. v. District Court, 191 Iowa 244, 182 N.W. 211. The district court sustained the motion for change of venue and plaintiffs were granted this appeal.

I. The order of the district court states the case is an action for indemnity or equitable contribution as a result of a judgment rendered against plaintiffs in that court, which judgment was the result of an automobile accident in Lee County, and that "defendant, Century Construction Company, is an

Iowa corporation, with its principal place of business in Polk County * * *." The order continues:

"The question involved in the motion for change of venue is whether or not section 616.18 of the 1958 Code of Iowa authorizes the bringing of this action in Lee County, Iowa. The right of indemnity by one joint tort-feasor is based on the theory of implied contract.

"The court is of the opinion that the instant action is not one contemplated under section 616.18."

Code section 616.18 states, in part:

"Motor vehicle damage actions. *Actions arising out of injuries to a person or damage to property caused by the operation of any motor vehicle may be brought* in the county in which the defendant, or one of the defendants, is a resident or *in the county in which the injury or damage is sustained. * * *.*" (Italics supplied.)

The reasoning of the district court is that because this action for indemnity or contribution "is based on the theory of implied contract" it is not one arising out of injuries or damage "caused by the operation of any motor vehicle" within the purview of Code section 616.18.

■ In effect the order holds the italicized part of section 616.18 applies to actions ex delicto only. We are unable to agree with this reasoning and conclusion.

This court has never passed upon that proposition. However, some courts have considered similar language in statutes concerning motor-vehicle-damage actions against nonresidents of the state and have held it applicable to actions for indemnity or contribution.

Burnett v. Agent, 227 Ark. 1050, 1051, 303 S.W.2d 575, states: "* * * the only question is whether this action [for contribution] grows out of the accident.

"We have no doubt that it does, and the point has invariably been so decided elsewhere."

Southeastern Greyhound Lines v. Myers, 288 Ky. 337, 156 S.W.2d 161, 138 A. L. R. 1461, holds a statute permitting constructive service upon a nonresident automobile owner or operator in an action arising out of or by reason of an automobile

accident is applicable in an action by one of two persons whose alleged concurrent negligence caused such accident, against the other, to recover one half the amount paid by the former to satisfy a judgment recovered against him by the injured person.

In Brandt v. Olson, 179 F. Supp. 363, D. C. N. D., Iowa, E. D., Graven, J., quotes a statement that if it had been the intention of the legislature to restrict service of process under the Nonresident Motorist Service Act, to actions ex delicto, some language to that effect would have been used. At page 369, "It seems clear that such a claim [for indemnity or contribution] is one for damages to person or property growing or arising out of use and operation of a motor vehicle upon the Iowa highways."

Dart Transit Co. v. Wiggins, 1 Ill. App.2d 126, 117 N.E.2d 314, held the provision concerning an action or proceeding growing out of the operation of motor vehicles was not restricted to actions ex delicto but was applicable, as well, to actions for indemnity. See also McKay v. Citizens Rapid Transit Co., 190 Va. 851, 59 S.E.2d 121, 20 A. L. R.2d 918.

██ II. Appellee contends Code section 616.18 is not applicable because its employee (flagman) was not operating the dump truck which collided with the Robb automobile. We deem it sufficient that he was allegedly engaged in directing the operation of that and other motor vehicles at the time and place in question. In Hawkeye-Security Ins. Co. v. Lowe Construction Co., 251 Iowa 27, 99 N.W.2d 421, the alleged connection of the defendant in the contribution case with the collision of the motor vehicles was that its employees made the highway slippery by dropping clay and mud upon it, causing the driver of the truck in question to lose control of it, and it invaded the travel lane of the automobile, which it demolished and caused the injury and death of the occupants of the automobile.

No reference to Code section 616.9 is made in the Record or Briefs and its applicability, if any, is not considered.—Reversed.

All Justices concur.