Iowa Hardware Mutual Insurance Company, a corporation, appellant, v. Hans H. Hoepner, appellee.

## No. 50237.

(Reported in 108 N.W.2d 55)

March 7, 1961.

Harold D. Wedean and F. J. MacLaughlin, both of Davenport, for appellant.

McDonald & McCracken, of Davenport, for appellee.

OLIVER, J.—An automobile operated by Roger Christiansen was insured by plaintiff, Iowa Hardware Mutual Insurance Company, against liability for damages for injuries to others. A pedestrian, Amos Brophy, was killed in an accident on an Iowa highway, in which the Christiansen automobile and an automobile of defendant, Hoepner, were involved. The administrator of Brophy's estate brought action for damages for Brophy's death. Plaintiff, insurance company, settled that action for its insured by paying $7500 to the estate of Brophy.

Thereafter plaintiff instituted, in Scott District Court, this suit against Hoepner for indemnity or contribution, for such payment. Hoepner was then a resident of Indiana and service of the original notice of this suit was made upon him under the nonresident motorist service act, sections 321.498 to 321.512, Code of Iowa, 1958.

Defendant entered a special appearance and objected to the jurisdiction of the court, on the ground, "the statutes * * * do not authorize * * * the mode of service as aforesaid based upon a petition in the nature of an implied contract." The district court sustained the special appearance and dismissed plaintiff's petition. Plaintiff has appealed. We hold defendant's special appearance should have been overruled.

I. Section 321.498, Code of Iowa, 1958, provides in part: the acceptance by a nonresident of the privileges extended of operating a motor vehicle within this state shall be deemed:

"1. An agreement by him that he shall be subject to the jurisdiction of the district court of this state over all civil actions and proceedings against him for damages to person or property growing or arising out of such use and operation, and * * *."

Appellee does not assert the procedure adopted in serving the original notice upon him did not comply with the requirements of the Iowa nonresident motorist service act. He contends the statute is inapplicable because this is not an action "against him for damages to person or property growing or arising out of such use and operation, * * *." His special appearance was

predicated upon the single ground that such a suit for indemnity or contribution is based upon an implied contract and therefore the nonresident motorist service act does not apply to it.

In Cannon v. Century Construction Co., 252 Iowa 88, 106 N.W.2d 65, we held similar language in a venue statute made that statute applicable in a suit for indemnity or contribution. That case cites decisions of other courts interpreting similar provisions in nonresident automobile service statutes of certain states. One such decision, Brandt v. Olson, D. C. N. D., Iowa 1959, 179 F. Supp. 363, 367, 369, Graven, J., involves the identical Iowa statute here in question. The Brandt case states:

"The question, then, is whether an Iowa Court in which a defendant is sued for damages allegedly resulting from his negligent operation of a motor vehicle upon an Iowa highway and who wishes to assert a claim for indemnity or contribution against a third party as an alleged concurrent tort-feasor, may acquire jurisdiction of such party by serving him under the Iowa Nonresident Motorist Service Act.

"* * *

"It is the contention of the defendants that if judgment is rendered in favor of the plaintiff on her claim against them arising out of the collision, under the Iowa law they are entitled to either indemnity or contribution. * * *

"It seems clear that such a claim is one for damages to person or property growing or arising out of use and operation of a motor vehicle upon the Iowa Highways. The term 'all civil actions and proceedings' is very broad in scope. It is the view of the Court that the third-party claim comes within the scope of Section 321.498, subd. 1 of the Iowa Nonresident Motorist Service Act, and that the Iowa Supreme Court would so hold were the question presented to it."

Burnett v. Agent, 227 Ark. 1050, 1051, 303 S.W.2d 575, states:

"* * * the only question is whether this action [for contribution] grows out of the accident. We have no doubt that it does, and the point has invariably been so decided elsewhere."

Dart Transit Co. v. Wiggins, 1 Ill. App.2d 126, 117 N.E.2d 314, held such provision for service was not restricted to actions

ex delicto but was applicable as well to actions for indemnity.

To the same effect are: McKay v. Citizens Rapid Transit Co., 190 Va. 851, 59 S.E.2d 121, 20 A. L. R.2d 918; Southeastern Greyhound Lines v. Myers, 288 Ky. 337, 156 S.W.2d 161, 138 A. L. R. 1461; and Malkin v. Arundel Corp., D. C. 1941, 36 F. Supp. 948.

II. Counsel for appellee state the real question in the case is whether the legislature which enacted the nonresident motorist service act intended it should embrace an action in the nature of implied contract for indemnity or contribution between concurrent or joint tort-feasors. This is followed by an argument that the more probable and logical intention of the legislature was to provide a forum for the normal tort action involving nonresident motorists.

 The intent of the legislature which is controlling in the interpretation of a statute is to be gathered from the statute itself. "It is our duty to give this act the interpretation its language calls for and not to speculate as to probable legislative intent apart from the wording used." In re Guardianship of Wiley, 239 Iowa 1225, 1231, 1232, 34 N.W.2d 593, 596.

██ The statute states the agreement by the nonresident motorist is that he shall be subject to the jurisdiction of the district court, "over all civil actions and proceedings against him for damages to person or property growing or arising out of such use and operation * * *." This language is broad and clear and may not be interpreted as excepting any class of such civil actions. Appellee's contention this class was not included is without merit.

The judgment of the district court is reversed and the cause is remanded for further proceedings not inconsistent herewith.—Reversed and remanded.

All JUSTICES concur.