74 N.J. Super. 31 (1962)
180 A.2d 404
H. GLENN CLARE AND HELEN A. CLARE, PLAINTIFFS,
v.
HERBERT V. FLIEGEL, RUTH FLIEGEL AND LILLIAN B. CARLIN, EXECUTRIX OF THE ESTATE OF FRANCIS M. CARLIN, JR., DECEASED, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS.
Superior Court of New Jersey, Cape May County Court, Law Division.
Decided April 6, 1962.
*33 Mr. Leonard Horn, attorney for defendants Fliegel.
Mr. Nathan C. Staller, attorney for defendant Carlin.
No appearance for plaintiff.
CAFIERO, J.S.C.
Plaintiffs Clare filed suit in the Cape May County Court on August 10, 1961 alleging that the defendants Fliegel and Carlin negligently caused an accident resulting in injury and damage to the plaintiffs. The accident is alleged to have occurred on September 3, 1959.
Although the plaintiffs originally joined the defendants Fliegel and Carlin, only the Carlins were actually served with the original summons and complaint.
The Carlins answered denying the allegations of negligence, asserting that plaintiffs and defendants Fliegel were negligent; and cross-claimed against Fliegels as joint tortfeasors responsible for all or a part of the injuries and damages in contribution.
*34 The answer and cross-claim, however, were not served upon the codefendants Fliegel, and not until the pretrial conference was it first learned that the Fliegels had never been served with any process.
The court, apparently exercising its discretion under R.R. 4:4-1 and R.R. 4:42-2(a), issued an order directing that the complaint be served upon the defendants Fliegel and that a copy of the answer and cross-claim for contribution be served upon the defendants Fliegel.
Because defendants Fliegel were nonresidents, the summons with a copy of the complaint, answer, and cross-claim, together with the aforesaid court order was served upon the Director of Motor Vehicles pursuant to N.J.S.A. 39:7-2 et seq.
Defendants Fliegel now move to quash the aforesaid substituted service of process upon the Director of Motor Vehicles on the ground that cross-claim for contribution is not a "civil action or proceeding * * * arising out of or by reason of any accident or collision" occurring within this State, and therefore not within the statutory jurisdiction conferred by N.J.S.A. 39:7-2. They move to dismiss the aforesaid order on the ground that the court order was improper and beyond the jurisdiction of the court issuing it.

I.
The legality of service of a cross-claim for contribution against a joint tortfeasor who is also a nonresident, through the Director of Motor Vehicles pursuant to N.J.S.A. 39:7-2 et seq. has never been questioned or decided in New Jersey. No reported case reflects any such controversy.
Defendants Fliegel rely upon Whalen v. Young, 15 N.J. 321 (1954), and Pennsylvania Greyhound Lines v. Rosenthal, 14 N.J. 372 (1954), in support of their argument that a claim of contribution, being a contractual action, is not within the purview of the statutory extraterritorial jurisdiction conferred on the courts of New Jersey by N.J.S.A. 39:7-2; *35 in other words, that the claim for contribution, being contractual in nature, does not arise out of or by reason of any accident or collision within this State.
In the Whalen case the defendant Young based his cross-claim for contribution upon a public liability insurance contract entered into in Pennsylvania between himself and L. & H. Transportation, Inc. by Carl Helm, owner of the aforesaid corporation. By his counterclaim Young sought to obtain exoneration and indemnity from the aforesaid nonresident corporation and Helm, the owner of the corporation. Young was an independent contractor operating his vehicle under Interstate Commerce Commission rights previously granted to defendants Helm and the corporation.
The court held that the aforesaid contractual undertaking by nonresidents Helm and the L. & H. Corporation to indemnify Young as a nonresident user of the highways of New Jersey for the legal consequences of his negligence would not render Helm or the corporation amenable by constructive service to in personam process in a New Jersey suit. See 15 N.J., at p. 333
At the oral argument of this motion counsel for defendants Fliegel emphasized the statement in Whalen that the implied consent to constructive or substituted service of process for an in personam judgment is restricted to a delictum attending the nonresident's use of the highways as provided in the statute. See 15 N.J., at pp. 332, 333. Counsel for Fliegel also alluded to the statement in Pennsylvania Greyhound, etc. v. Rosenthal, supra, that contribution is an equitable principle of equality in the sharing of a common burden arising out of contract or status to enforce restitution and prevent unjust enrichment, and that at common law the principle does not extend to persons in equal or mutual fault. Finally, counsel for Fliegel insist that the court construe strictly N.J.S.A. 39:7-2, since this statutory section is in derogation of the common law.
It should be understood that N.J.S.A. 39:7-2 is also remedial in nature, since it is designed to redress an *36 existing grievance, i.e., it was adopted for the purpose of requiring a nonresident owner or operator of a motor vehicle to answer for his conduct in this State where arise causes of action alleged against him, as well as to provide for a claimant a convenient method by which he may sue to enforce his rights. Chiarello v. Guerin Special Motor Freight, 22 N.J. Super. 431, 435 (Law Div. 1952); Whalen v. Young, 15 N.J. 321 (1954).
As a remedial statute, it should be liberally construed, 82 C.J.S. Statutes § 388, pages 919, 920, 921; Harcum v. Greene, 111 N.J.L. 129 (Sup. Ct. 1933); Carianni v. Schwenker, 38 N.J. Super. 350, 362 (App. Div. 1955); State v. Meinken, 10 N.J. 348, 352 (1952).
Furthermore, the fact that there is a conflict between two well recognized rules of statutory construction does not create an insuperable obstacle to an understanding and application of a statute. State v. Meinken, supra, at page 352 (penal and remedial statute interpreted).
The latter factor (conflict) does not prevent a court from reading the statute in relation to the mischief to be remedied and evil sought to be suppressed, or prevent a court from giving effect to the terms of the statute in accordance with their fair and natural acceptation. Ibid.
On the contrary, these terms should be liberally construed to embrace all cases fairly within their scope, so as to accomplish the object of the legislation and to effectuate the purpose of the statute by suppressing the mischief and advancing the remedy. 82 C.J.S. Statutes § 388, pages 919, 920, 921 (citing New Jersey cases).
As stated above, the mischief to be remedied and evil sought to be suppressed was the lack of redress for injuries to persons and property consequent upon the negligent or unlawful use of the State's highways by nonresidents. See the Whalen case, 15 N.J., at page 328. It was to render a nonresident answerable for his misconduct (i.e. the negligent or unlawful use of the State's highways) in a proceeding *37 that is at once a convenient and effective means of enforcing the claimant's cause of action in the jurisdiction where the cause of action arose. Ibid., at page 331.
And it should be observed that the defendants Fliegel were actually operating their motor vehicle on a public highway of this State at the time of the accident or collision, and that they have been charged with misconduct in the use of a highway of this State. Neither of these factors was involved in the Whalen case, supra.
It is true that a claim for contribution is contractual in nature and that the claim of contribution arises out of a payment in excess of the payor's just share of the common obligation ensuing from a common wrongful act, neglect or default. Pennsylvania Greyhound Lines, Inc. v. Rosenthal, above, 14 N.J., at p. 386. But the basis of the right of contribution is a "common wrongful act, neglect or default" arising out of finding of fact to that effect by the trier of fact; in other words, it is based on a common liability in tort. Kennedy v. Camp, 14 N.J. 390, 395 (1954); Sattleberger v. Telep, 14 N.J. 353, 366 (1954).
In the case sub judice this common liability in tort would eventually arise out of an accident or collision (alleged in complaint) in which the plaintiffs, the Fliegels and the Carlins, were all involved. Secondly, the claim for contribution only arises after this liability has been determined as aforesaid.
Clearly, then, there is a delictum attending the nonresident Fliegels' use of the highways as provided by statute. This court cannot overlook this delictum, which satisfies all the conditions of the statute, and consider as if in a vacuum the applicability of N.J.S.A. 39:7-2 to claims for contribution by a resident tortfeasor against a non-resident tortfeasor, the Fliegels. In fact, the plaintiff in contribution cannot prevail at all unless the injured person (Clare) also had a cause of action for the tortious injury against the defendant called on for contribution. See the Sattleberger case, supra, at page 367.
*38 Secondly, defendants Carlin allege that plaintiffs Clare and defendants Fliegel were negligent in the operation of their vehicle. Therefore, even apart from the foregoing reasoning it appears that defendants Carlin have alleged a delictum sufficient to satisfy the conditions of N.J.S.A. 39:7-2.
Such an application of N.J.S.A. 39:7-2 does not expand any terms of the statute, but instead, stays strictly within its terms as stated aforesaid. It allows a resident tortfeasor the protection of his interest or property from the negligent or unlawful use of the public highways of New Jersey by a nonresident tortfeasor.
The tendency of courts elsewhere is to permit actions claiming contribution or other contractual claims against nonresident motorists where the facts resemble the facts in the matter sub judice. See Southeastern Greyhound Lines Appt. v. Myers, 288 Ky. 337, 156 S.W.2d 161, 138 A.L.R. 1461 (Ct. App. 1941) (seeking contribution after judgment); McCaulley v. Thomas, 88 Pitts. L.J. 59 (Pa. C.P. 1940) see also cases collected in 138 A.L.R., at page 1466.
Therefore, this court holds that the substituted or constructive service effected upon defendants Fliegel by defendants Carlin through the Director of Motor Vehicles pursuant to N.J.S.A. 39:7-2 was valid and effectual to render defendants Fliegel amenable to the jurisdiction of the courts of New Jersey for the valid assertion against them of a claim for contribution.

II.
Counsel for defendants Fliegel contend that the order of court directing and permitting contemporaneous service of the summons and complaint and the answer and cross-claim aforesaid was illegal and improper. No issue is made as to whether the order may be attacked in the manner selected. However, in any event, the action of the court appears to have been amply justified.
*39 The complaint in this cause was filed originally against defendants Carlin and defendants Fliegel on August 10, 1961. The accident occurred on September 3, 1959, 24 days before the statute of limitations had expired.
Inasmuch as civil actions are commenced by the filing of a complaint with the court, this action against the defendants Fliegel would not be barred by the statute of limitations. See Rogers v. Dubac, 52 N.J. Super. 360, 362 (Law Div. 1958); Poetz v. Mix, 7 N.J. 436 (1951); R.R. 4:3-1.
The objections of defendants Fliegel can therefore only be predicated upon R.R. 4:4-1 and R.R. 4:42-2(a). These rules require service of the summons and complaint upon the defendant within ten days of the filing of the complaint; otherwise, the court may dismiss the action on motion of the defendant.
However, it is well settled in New Jersey that whether a complaint should be dismissed for the failure to issue a summons within ten days after the filing of the complaint rests in the discretion of the court. The language of the above rules specifically so provide, and the decisions are in accord. Byrd v. Ontario Freight Lines Corp., 39 N.J. Super. 275, 276 (App. Div. 1956).
An extreme application of the above discretionary power of the court was illustrated in Rogers v. Dubac, 52 N.J. Super. 360, 362 (Law Div. 1958). In that case the complaint was filed on July 13, 1956. The summons was not issued until March 11, 1957, and the defendant was not served until March 13, 1957, eight months after the complaint had been filed. Although the court did not squarely consider the merits of a motion to dismiss for failure to issue the summons within the ten day period because of inadequate pleading by the movant defendant, it indicated impliedly that it would be reluctant to consider a dismissal even though it had been correctly pleaded. See Rogers v. Dubac, at page 364.
*40 Counsel for defendant cites no prejudice or hardship resulting from the failure to issue the summons and complaint within ten days.
The court order permitting simultaneous service of the answer and cross-claim of defendants Carlin was not an abuse of discretion.
Assuming that the court order had only directed service of the summons and complaint upon defendants Fliegel without directing service of the answer and cross-claim by the defendants Carlin upon defendants Fliegel, the latter would have still been joined as parties. Thereafter, defendants Carlin could have effected service of an answer and cross-claim within the time allowed by rules of court. In the interests of time and convenience the court permitted simultaneous service of all legal process at the same time.
Therefore, the argument of defendants Fliegel that the aforesaid order of court is improper and illegal is without merit, and this court so holds.

CONCLUSION.
The assertion of a valid cross-claim for contribution against a nonresident tortfeasor motorist is within the scope and meaning of the language used in N.J.S.A. 39:7-2.
The court, in allowing simultaneous service of the complaint, summons, answer and cross-claim upon defendants Fliegel, did not abuse its discretion.
Submit order. No costs.