**DIXIE PORTLAND FLOUR MILLS, INC., a Corporation, and Selective Insurance Company, a Corporation, Plaintiffs,**

v.

**DIXIE FEED & SEED COMPANY, Inc., a Corporation, and J. Ralph Whitehead, individually and d/b/a Comer Gin Company, and James Lee Johnston, Defendants.**

**Civ. A. No. C–65–90.**

United States District Court
W. D. Tennessee, W. D.

Sept. 8, 1965.

George P. Bowie, St. Louis, Mo., J. W. Kirkpatrick, and Max D. Lucas, Jr., Memhis, Tenn., for plaintiffs.

Robert L. Green, Neely, Green & Fargarson, Memphis, Tenn., Paul R. Leitner, Bishop, Thomas, Leitner, Mann & Milburn, Chattanooga, Tenn., for defendants.

## MEMORANDUM DECISION

BAILEY BROWN, Chief Judge.

In this diversity action, plaintiffs, Dixie Portland Flour Mills, Inc., and its liability insurance carrier, Selective Insurance Co., seek indemnity or contribution from defendants, Dixie Feed & Seed Co., a corporation, J. Ralph Whitehead, d/b/a Comer Gin Co. and James Lee Johnston. They allege defendants here were co-defendants with Dixie Portland in a personal injury suit in the Circuit Court of Hamilton County, Tennessee, which resulted in a judgment against Dixie Portland, Dixie Feed and Johnston and resulted in a judgment in favor of Whitehead, and that Dixie Portland and Selective have paid the entire judgment.

Defendants have filed a motion to dismiss, asserting:

1. That this Court has no jurisdiction over the defendants; and

2. That venue is improperly laid in this district; and

3. That the complaint fails to state a claim for relief.

With respect to jurisdiction, defendants contend that service of process has not effectively been had on them through the Secretary of State of Tennessee. Plaintiffs rely, as to all defendants, on T.C.A. Sec. 20–224, which is the "long arm" statute applicable to non-resident motorists; and plaintiffs rely, as to the corporate defendant, Dixie Feed, on T.C.A. Sec. 48–923, which is the "long arm" statute applicable to foreign corporations that do business in Tennessee and fail to appoint an agent for service of process. Since we conclude that service was effectively had on all defendants under the non-resident motorist statute, we make no ruling as to whether service was effectively had on Dixie Feed under the aforesaid statute applicable to certain foreign corporations.

The non-resident motorist statute (T.C.A. Sec. 20–224) provides that a non-resident who uses the highways of this state " * * * shall be deemed thereby to constitute the secretary of state of

this state his agent for acceptance of service of process in any civil action brought by any person against him, arising out of any accident or injury occurring in this state in which such vehicle is involved. \* \* \* The agency of the secretary of state to accept service of process shall continue for a period of one (1) year from the date of any accident or injury \* \* \*."

■ Defendants contend that service of process cannot be had under this statute in a suit for indemnity or contribution. There seems to be no Tennessee case which deals with this question, but in several cases dealing with statutes which are similarly worded, the courts have held contrary to the contention of defendants. See: McKay v. Citizens, etc., Co., 190 Va. 851, 59 S.E.2d 121; Burnett v. Agent, 227 Ark. 1050, 303 S.W.2d 575; Dart Transit Co. v. Wiggins, 1 Ill.App.2d 126, 117 N.E.2d 314; Southeastern Greyhound Lines v. Myers, 288 Ky. 337, 156 S.W.2d 161, 138 A.L.R. 1461; Clare v. Fliegel, 74 N.J. 31, 180 A.2d 404; Brandt v. Olson, 179 F.Supp. 363 (D.C.Iowa). We therefore conclude that the Tennessee statute applies to suits for indemnity or contribution.

■ Defendants next contend that, in any event, service was not effective here because it was had more than one year after the accident. Plaintiffs reply that it was effective because it was had within one year of the payment of the judgment. Again, there is no Tennessee authority, but we conclude that the one-year period begins to run with the payment of the judgment. In the first place, the statute provides that the " \* \* \* agency of the secretary of state \* \* \* shall continue for a period of one (1) year from the date of any accident *or injury* \* \* \*." (emphasis ours), and plaintiffs suffered *the injury* for which they sue only when they paid the judgment. Moreover, if this non-resident motorist statute is applicable, as we have just held it to be applicable, to suits for indemnity or contribution, and if the one-year period were held to run from the

date of the accident, the use of this avenue for service of process would be severely and unduly restricted. Tennessee procedure does not allow a defendant to cross-claim for contribution or indemnity against a co-defendant; nor does it allow a defendant to make a third-party claim against another for contribution or indemnity. It is, moreover, at least highly doubtful, under Tennessee law, that an original suit for contribution or indemnity could be maintained if it were filed before a judgment had been obtained against the party seeking this relief. This would mean that, even as to personal injury actions as to which the statute of limitations is one year, the non-resident motorist statute could rarely be availed of for service of process in a suit for contribution or indemnity if the one-year period ran from the date of the accident. Lastly, and by analogy, statutes of limitations applicable to suits for contribution begin to run upon payment by the party seeking contribution (54 C.J.S. Limitations of Actions § 160, p. 108), and statutes of limitations applicable to suits for indemnity began to run when the liability of the party seeking indemnity has been finally fixed and ascertained (54 C.J.S. Limitations of Actions § 141, p. 68).

Defendants next contend that the non-resident motorist statute cannot be availed of because the accident occurred on private property, but they do not press this contention, apparently because this question was decided adversely to them in the personal injury suit. Dixie Feed & Seed Co. et al. v. Byrd, 52 Tenn.App. 619, 376 S.W.2d 745.

We therefore conclude that this Court has jurisdiction of the parties defendant.

With respect to venue, plaintiffs rely on Title 28 U.S.C.A. Sec. 1391, (a) and (c), which read as follows:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside.

\* \* \* \* \* \*

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

Plaintiff Dixie Portland is a Tennessee corporation with principal place of business in Memphis, and plaintiff Selective is an Ohio corporation with principal place of business at Cincinnati but is qualified to do and is doing business in Memphis. None of the defendants resides or does business in this district.

It is the contention of defendants that venue is improperly laid in this district because one of the plaintiffs (Selective) does not reside here and that therefore the requirements of subsection (a) are not met. Plaintiffs reply that Selective does reside in this district since it does business here. More particularly, plaintiffs contend that subsections (a) and (c) must be read together; that under a proper construction of subsection (c), if a corporation does business in a district, such district shall be regarded as the residence of the corporation for *all* venue purposes; and that, therefore, the requirements of subsection (a) are met because Selective resides here.

There are some district court cases that support plaintiffs' position, but the only Courts of Appeal that have considered the question support defendants' position. Robert E. Lee & Co. et al. v. Veatch, et al., 301 F.2d 434, 96 A.L.R. 2d 619 (4th Cir. 1961) and Carter Beveridge Drilling Co. v. J. Willis Hughes, 323 F.2d 417 (5th Cir. 1963). Certainly a common sense reading of subsection (c) leads to the conclusion that it, as it says, has to do only with determining where "a corporation may be sued \* \*."

■ We conclude that venue may not be laid in this district under Sec. 1391.

Plaintiffs alternatively seek to have this court transfer this action to the Eastern District of Tennessee at Chattanooga, contending that venue is properly laid there because the accident occurred there. They rely on Title 28, U.S.C.A. Sec. 1391(f) which reads as follows:

"(f) A civil action on a tort claim arising out of the manufacture, assembly, repair, ownership, maintenance, use, or operation of an automobile may be brought in the judicial district wherein the act or omission complained of occurred."

This contention raises the question whether this claim for indemnity or contribution is a "tort claim" within the meaning of this provision. There are no cases dealing with this question under this fairly recent amendment to the federal venue statutes.

■ In Huggins v. Graves et al., 337 F.2d 486 (6th Cir. 1964), our Court of Appeals indicated (at p. 489) that a suit for contribution is essentially equitable in nature. It is difficult to see how a claim for indemnity is a "tort action" if a claim for contribution is not. Moreover, the conduct of defendants, which, it is alleged gives rise to a claim for indemnity to plaintiffs here, was not directed towards these plaintiffs; rather, this conduct was directed towards, and was a breach of duty to, the plaintiff in the personal injury suit. Thus this claim for indemnity does not fit into our ordinary notions of a tort action; it is really based on equitable principles that, to bring about a just result, have been in some states (e. g. Cohen v. Noel, 165 Tenn. 600, 56 S.W.2d 744 (1933)) engrafted on the common law. The legislative history tends to support the conclusion that this claim is not a "tort action." U.S. Code Congressional and Administrative News (1963), p. 1373. We therefore conclude that this action for contribution or indemnity is not a tort action within the meaning of Sec. 1391(f).

When this Court, at the argument of this motion, indicated that this action would be transferred to the district in Georgia where all defendants reside, counsel for plaintiffs moved the Court to be allowed to amend the complaint (1) to allege that Selective had assigned its

interest in the claim to Dixie Portland, exhibiting the assignment and (2) to drop Selective as a party plaintiff. It is plaintiffs' position that, so doing, venue would properly be laid here. We believe the orderly manner in which to handle this new question is to grant the motion to amend, which we now do, and then consider whether this cures the venue defect.

■ Defendants do not seriously contend that improper venue cannot be cured at this stage of the proceedings by an amendment, and we conclude that it may be. Accordingly, we have only the question whether the assignment by Selective to Dixie Portland and the dropping of Selective as a party plaintiff creates proper venue here.

■ Whether venue is now properly laid here depends, of course, on whether Dixie Portland is, as a result of the assignment, the only real party in interest within the meaning of Rule 17(a), F.R.Civ.P. However, before dealing with this question, we will first consider defendants' reliance on Title 28 U.S.C.A. Sec. 1359, which provides:

"A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."

Defendants contend that this assignment was "improperly or collusively made" and therefore may not be relied upon by plaintiffs. The clear answer to this contention is that we are dealing with venue and not jurisdiction; diversity and therefore jurisdiction existed before the assignment was made. See discussion of this provision in 3 Moore's Federal Practice, Sec. 17.06[2], p. 1328.

Under the terms of this assignment, Selective transferred to Dixie Portland all claims it had against defendants, and Dixie Portland has a contractual obligation to pay over to Selective a part of any recovery that may be had, the amount to be determined by a formula contained in the assignment. Thus by its terms we have here an assignment for purposes of collection.

■ In considering whether Dixie Portland is now the sole real party in interest, we first look to state law to determine whether the assignment passed title to the chose-in-action. 3 Moore's Sec. 17.07, p. 1330. Defendants do not contend that these claims cannot be assigned under Tennessee law. Without citing authorities, a review of the Tennessee digests indicates that defendants are correct in conceding that Dixie Portland is now the owner of all claims being sued upon.

The great weight of authority is to the effect that an assignee for purposes of collection under a valid assignment is the real party in interest under Rule 17 (a). 3 Moore's, Sec. 17.09, p. 1341. In Petrikin v. Chicago, etc., Co., 15 F.R.D. 346 (W.D.Mo.1954), where an insurance company assigned its interest in a claim against a third party to its insured, the Court held that the insured was the only real party in interest. Moreover, where an insurer makes a "loan" agreement with its insured, the insured is the real party in interest. 3 Moore's, Sec. 17.09, p. 1349.

■ We therefore conclude that Dixie Portland is now the only real party in interest and therefore venue is properly laid in this district.

■ Defendants also moved to dismiss this action on the ground that the complaint fails to state a claim for relief. This ground was not argued at the hearing, but we should say here that the right to indemnity or contribution between negligent joint tortfeasors is well established in Tennessee law. See: Huggins v. Graves et al., 210 F.Supp. 98 (E.D. Tenn.1962) for a review of the law in this field. At the same time we recognize that the fact that, in the personal injury action, a judgment was entered in favor of defendant Whitehead *may* create a res judiciata defense as to him. Therefore, while we overrule the motion to dismiss in all respects, we reserve the right to defendant Whitehead to renew the motion on that ground if he so desires.

An order will be prepared for entry