382 F.2d 830
 DIXIE PORTLAND FLOUR MILLS, INC. and Selective Insurance
Company, Plaintiffs-Appellees,
v.
DIXIE FEED & SEED COMPANY, J. Ralph Whitehead, Individually
and d/b/a Comer Gin Company, and James Lee
Johnston, Defendants-Appellants.
 No. 17199.
 United States Court of Appeals Sixth Circuit.
 Sept. 12, 1967.
 
 Paul R. Leither, of Bishop, Thomas, Leitner, Mann & Milburn, Chattanooga, Tenn., and Robert L. Green, of Neely, Green & Fargarson, Memphis, Tenn., for appellants.
 J. W. Kirkpatrick, Memphis, Tenn., for appellees, George P. Bowie, St. Louis, Mo., Max D. Lucas, Jr., Memphis, Tenn., on the brief, Kirkpatrick & Lucas, Memphis, Tenn., of counsel.
 Before McCREE and COMBS, Circuit Judges, and CECIL, Senior Circuit judge.
 COMBS, Circuit Judge.
 
 
 1
 This is an interlocutory appeal from an order of the District Court of the Western District of Tennessee denying defendants-appellants' motion to dismiss and sustaining plaintiffs-appellees' motion to amend the complaint in a suit for contribution.
 
 
 2
 Plaintiff Dixie Portland Flour Mills, Inc., and defendants Dixie Feed & Seed Company, J. Ralph Whitehead, and James Lee Johnston were co-defendants in a personal injury action filed by Stanifer G. Byrd in the Circuit Court of Hamilton County, Tennessee. The accident from which the personal injury action arose involved a tractor-trailer rig. Dixie Feed owned the tractor, Whitehead owned the semi-trailer, and Johnston was the driver of the combined rig. Judgment was obtained by Byrd against Dixie Portland, Dixie Feed, and Johnston in the amount of $290,000.00. Judgment was entered in favor of Whitehead based on the jury's verdict. The judgment was paid by Dixie Portland and its insurance carrier, Selective Insurance Company. Hence, this suit for contribution or indemnity as the case may be.
 
 
 3
 Dixie Portland is a Tennessee corporation and Selective Insurance Company is an Ohio corporation. Dixie Feed is a Georgia corporation and has not qualified to do business in Tennessee; Whitehead and Johnston are residents of Georgia.
 
 
 4
 Service of process on defendants was obtained under the Tennessee non-resident motorist statute, T.C.A. 20-224, which reads:
 
 
 5
 Use of highways as appointment of agent for process.-- Any owner, chauffeur or operator of any motor vehicle that is not licensed under the laws of this state, or any nonresident of the state of Tennessee who shall hire or procure the use of a motor vehicle licensed under the laws of this state, for temporary use herein, and who shall make use of the privilege, hereby extended to nonresidents of the state, to operate such vehicle on highway or highways within the state, shall be deemed thereby to constitute the secretary of state of this state his agent for acceptance of service of process in any civil action brought by any person against him, arising out of any accident or injury occurring in this state in which such vehicle is involved. Such use of a highway shall be treated as an agreement on the part of said person that such service of process shall have the force and validity of personal service on him within the jurisdiction of this state and the county of action.
 
 
 6
 The agency of the secretary of state to accept service of process shall continue for a period of one (1) year from the date of any accident or injury and shall not be revoked by the death of such nonresident within such period of one (1) year.
 
 
 7
 The accident which resulted in the injury to Byrd occurred on July 11, 1960. The judgment was paid by Dixie Portland and Selective Insurance on May 18, 1964. This suit was filed April 13, 1965, some four years and nine months after the accident.
 
 There questions are raised on appeal:
 
 8
 (1) Can service of process be secured under the Tennessee non-resident motorist statute, T.C.A. 20-224, in a suit for indemnity or contribution filed between joint tort feasors more than four years after the accident?
 
 
 9
 (2) Can venue be created in the District Court for the Western District of Tennessee by the execution of an assignment of Selective Insurance Company's claim to Dixie Portland Flour Mills, Inc.?
 
 
 10
 (3) Can service of process be secured under the Tennessee non-resident motorist statute on the owner of a semi-trailer, attached to a tractor when the tractor is owned by third party?
 
 
 11
 Questions one and two are discussed at length in a memorandum decision, 272 F.Supp. 826, by District Judge Bailey Brown. Since we think he answered the questions correctly, and gave the right reasons, we quote with approval from his memorandum opinion:
 
 
 12
 'Defendants contend that service of process cannot be had under this statute in a suit for indemnity or contribution. There seems to be no Tennessee case which deals with this question, but in serval cases dealing with statutes which are similarly worded, the courts have held contrary to the contention of defendants. See: McKay v. Citizens, etc., Co., 190 Va. 851, 59 S.E.2d 121, 20 A.L.R.2d 918; Burnett v. Agent, 227 Ark. 1050, 303 S.W.2d 575; Dart Transit Co. v. Wiggins, 1 Ill.App.2d 126, 117 N.E.2d 314; Southeastern Greyhound v. Myers, 288 Ky. 337, 156 S.W.2d 161; Clare v. Fliegel, 74 N.J.Super. 31, 180 A.2d 404; Brandt v. Olson, 179 F.Supp. 363 (D.C. Iowa)
 
 
 13
 We therefore conclude that the Tennessee statute applies to suits for indemnity or contribution.
 
 
 14
 'Defendants next contend that, in any event, service was not effective here because it was had more than one year after the accident. Plaintiffs reply that it was effective because it was had within one year of the payment of the judgment. Again, there is no Tennessee authority, but we conclude that the one-year period begins to run with the payment of the judgment. In the first place, the statute provides that the '* * * agency of the secretary of state * * * shall continue for a period of one (1) year from the date of any accident or injury * * *,' and plaintiffs suffered the injury for which they sue only when they paid the judgment. Moreover, if this non-resident motorist statute is applicable, as we have just held it to be applicable, to suits for indemnity or contribution, and if the one-year period were held to run from the date of the accident, the use of this avenue for service of process would be severely and unduly restricted. Tennessee procedure does not allow a defendant to cross-claim for contribution or indemnity against a co-defendnat; nor does it allow it allow a defendant to make a third-party claim against another for contribution or indemnity. It is, moreover, at least highly doubtful, under Tennessee law, that an original suit for contribution or indemnity could be maintained if it were filed before a judgment had been obtained against the party seeking this relief. This would mean that, even as to personal injury actions as to which the statute of limitations is one year, the non-resident motorist statute could rarely be availed of for service of process in a suit for contribution or indemnity if the one-year period ran from the date of the accident. Lastly, and by analogy, statutes of limitations applicable to suits for contribution begin to run upon payment by the party seeking contribution (54 C.J.S. Limitations of Actions 160, p. 108), and statutes of limitations applicable to suits for indemnity began to run when the liability of the party seeking indemnity has been finally fixed and ascertained (54 C.J.S. Limitations of Actions 141, p. 68).
 
 
 15
 'When this Court, at the argument of this motion, indicated that this action would be transferred to the district in Georgia where all defendants reside, counsel for plaintiff moved the Court to be allowed to amend the complaint (1) to allege that Selective had assigned its interest in the claim to Dixie Portland, exhibiting the assignment and (2) to drop Selective as a party plaintiff. It is plaintiffs' position that, so doing, venue would properly be laid here. We believe the orderly manner in which to handle this new question is to grant the motion to amend, which we now do, and then consider whether this cures the venue defect.
 
 
 16
 'Defendants do not seriously contend that improper venue cannot be cured at this stage of the proceedings by an amendment, and we conclude that it may be. Accordingly, we have only the question whether the assignment by Selective to Dixie Portland and the dropping of Selective as a party plaintiff creates proper venue here.
 
 
 17
 'Whether venue is now properly laid here depends, of course, on whether Dixie Portland is, as a result of the assignment, the only real party in interest within the meaning of Rule 17(a), F.R.C.P. However, before dealing with this question, we will first consider defendants' reliance on Title 28, U.S.C.A., Sec. 1359, which provides: 'A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court.' Defendants contend that this assignment was 'improperly or collusively made' and therefore may not be relied upon by plaintiffs. The clear answer to this contention is that we are dealing with venue and not jurisdiction; diversity and therefore jurisdiction existed before the assignment was made. See discussion of this provision in 3 Moore's Federal Practice, Sec. 17.06(2), p. 1328.
 
 
 18
 Under the terms of this assignment, Selective transferred to Dixie Portland all claims it had against defendants, and Dixie Portland has a contractual obligation to pay over to Selective a part of any recovery that may be had, the amount to be determined by a formula contained in the assignment. Thus by its terms we have here an assignment for purposes of collection.
 
 
 19
 'In considering whether Dixie Portland is now the sole real party in interest, we first look to state law to determine whether the assignment passed title to the chose-in-action. 3 Moore's, Sec. 17.07, p. 1330. Defendants do not contend that these claims cannot be assigned under Tennessee law. Without citing authorities, a review of the Tennessee digests indicates that defendants are correct in conceding that Dixie Portland is now the owner of all claims being sued upon.
 
 
 20
 'The great weight of authority is to the effect that an assignee for purposes of collection under a valid assignment is the real party in interest under Rule 17(a). 3 Moore's, Sec. 17.09, p. 1341. In Petrikin v. Chicago, etc., Co., 15 F.R.D. 346 (W.D.Mo.1954), where an insurance company assigned its interest in a claim against a third party to its insured, the Court held that the insured was the only real party in interest. Moreover, where an insurer makes a 'loan' agreement with its insured, the insured is the real party in interest. 3 Moore's, Sec. 17.09, p. 1349.
 
 
 21
 'We therefore conclude that Dixie Portland is now the only real party in interest and therefore venue is properly laid in this district.'
 
 
 22
 The third question concerns the defendant Whitehead. He contends that he is not legally before the court because his ownership of the conveyance which caused the injury to Byrd extended only to the semi-trailer which was attached to the tractor and, it is argued, a semi-trailer is not a motor vehicle within the meaning of the Tennessee non-resident motorist statute.
 
 
 23
 We have found no Tennessee case in point, and cases from other states are not in accord. We do not consider it necessary, however, to decide that question here because Whitehead is properly before the court for another reason. It is alleged in the complaint that Johnston, driver of the tractor, was acting as the agent of Whitehead at the time of the accident. Under the theory of principal and agent, Whitehead was properly before the court under the Tennessee statute regardless of his ownership of the semi-trailer. See Leggett v. Crossnoe, 206 Tenn. 700, 336 S.W.2d 1 (1960); Producers' and Refiners' Corp. v. Ill.Cent. R. Co., 168 Tenn. 1, 73 S.W.2d 174 (1934); State of Maryland, for Use of Kropuinik v. Mast, 144 F.Supp. 946 (D.C.Md.1956). It is noted that, as to Whitehead, the District Judge reserved judgment on the question of res adjudicata based on the fact verdict and judgment were in his favor in the personal injury suit.
 
 
 24
 Sebsequent to argument of the case in this Court, plaintiffs have filed motion that the case be transferred to the Eastern District of Tennessee, Southern Division, where the accident occurred. The motion was filed pursuant to the 1966 amendment to 28 U.S.C. 1391(a), which added to the venue of district courts by providing that a diversity action could be brought in the district 'in which the claim arose.' But, regardless of the amendment, we know of no reason why this Court should interfere with the discretion of the District Judge in determining the question of venue.
 
 
 25
 The judgment of the District Court is affirmed.