## Barnes v. Pennsylvania Casualty Co.

January 27, 1948.

J. S. Forester, Judge.

436

Gus B. Bruner for appellant.

George E. Reams and Stanley B. Mayer for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—
Affirming.

Appellant, R. R. Barnes, sued appellee, Pennsylvania Casualty Company, hereinafter referred to as the Company, to recover $800 he paid the Cumberland Coach Line in settlement of a claim for damages done one of its busses when one of appellant's trucks collided with it. The theory of appellant's action is that the Company carried liability insurance on this truck and when he notified the Company of the accident and the latter denied liability on the ground that the truck was not covered by the policy, this authorized appellant to make a reasonable settlement of the claim for $800, for which he now seeks reimbursement from the Company.

At the conclusion of appellant's evidence the court directed a verdict for the Company on the ground that before appellant could recover from the Company the amount he paid in settlement of the claim, it was incumbent upon him to prove that the accident was caused by the negligence of the driver of his truck. This he failed to do, as no evidence was introduced on the question of how the accident occurred or whose negligence caused it.

The petition averred that the policy issued appellant by the Company on December 12, 1946, insured for one year his two Chevrolet trucks, 1941 models, against his negligence; that under section 7 of that policy any truck acquired in exchange of the two therein insured was automatically covered, and any additional trucks acquired by him were also automatically insured upon his notifying the Company of their acquisition. It was also alleged that appellant entered into an oral contract with the Company's agent to insure the truck in question. The petition further averred that the accident was caused by the negligence of appellant's driver and resulted in $1,420.35 damages being done to the bus; that when the Company was notified of the accident it denied liability upon the ground that the truck was not

covered by its contract of insurance; whereupon, appellant made a fair and reasonable settlement of the claim with the bus company by paying it $800, in which sum the Company is indebted to appellant.

The answer admits insuring the two Chevrolet trucks, 1941 models, for one year from December 12, 1946, but contains a general denial of all other averments of the petition as amended. The Company pleaded affirmatively that on or about September 16, 1946, appellant canceled the insurance on the two Chevrolet trucks and on or about September 26, 1946, requested William T. Smith, the Company's agent in Louisville, to insure a dump truck that day acquired by appellant, which the Company refused to do.

We do not reach the question of whether or not the Company's contract of insurance with appellant covered the dump truck which collided with the bus, because its liability under that contract was conditioned upon the negligence of appellant, his agents or servants, in operating the truck. The contract provides the Company will "pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages because of injury to or destruction of property * * *."

It is obvious that the "liability imposed by law" upon the insured is only that caused by his negligence. If the accident was not the result of the negligence of appellant, his agents or servants, then the law imposes no liability upon him, and in turn, his insurance carrier is not liable. Therefore, before the Company can be held liable under the contract of insurance it must be established that the accident was the result of appellant's negligence. Royal Indemnity Co. v. May & Ball, 222 Ky. 157, 300 S. W. 347, 349. Appellant's petition averred that the accident resulted from the negligence of his son, hence it was incumbent upon him to prove that fact in his action against the Company to recoup the $800 he paid in compromise of the bus line's claim for damages against him.

In the instant case there was no evidence introduced to show that this accident resulted from the negligence of appellant's son, who was driving the truck. The son did not testify, nor did the driver of the bus or any other

eyewitness. The only evidence offered by the appellant on this point is the testimony of Harry Walters, shop foreman of the Cumberland Coach Line. Basing his testimony upon his eighteen years of experience in repairing damaged trucks and automobiles, Walters stated that the fact the bus was damaged on the side, behind the right front wheel, convinced him that the accident was caused by the negligence of the driver of the truck. Patently, such testimony is purely the conclusion of the witness and is without probative value.

The facts in the instant case distinguish it from Interstate Casualty Co. v. Wallins Creek Coal Co., 164 Ky. 778, 176 S. W. 217, L. R. A. 1915F, 958, upon which appellant heavily leans. Assuming that the indemnity company's indifference in the Wallins case amounted to a denial by it of liability, which authorized the insured to make a settlement with the claimant, it will be noticed that in the suit by the insured to recover of the insurer the amount expended in the settlement, the trial court found that the claimant with whom the insured settled was injured by the insured's negligence. In the last paragraph of the Wallins opinion it is said that to enable the insured to recover from the insurer the amount paid in settlement of the claim, where the insured denied liability, the injured party must have had an enforceable claim against the insured. For the injured party to have had such a claim against the insured, he must have been injured by the insured's negligence.

In the case at bar appellant's petition averred that the bus was damaged by the negligence of his son, but appellant did not prove it. As this negligence was what the contract of insurance covered, it is manifest it was incumbent upon appellant to prove this averment before he could recover the $800 paid the bus line in settlement of its claim.

For the reasons given, the judgment is affirmed.