**AUTOMOBILE CLUB INSURANCE COM-PANY, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellee.**

Court of Appeals of Kentucky.

March 24, 1967.

Rehearing Denied June 2, 1967.

Robert S. Miller, Miller, Griffin & Marks, Lexington, for appellant.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Jarvis Allen, Dept. of Highways, Frankfort, for appellee.

WADDILL, Commissioner.

This appeal presents the single question of whether an insurance company can maintain an action against the Commonwealth of Kentucky in the Board of Claims when its claim is solely for contribution.

Appellant, Automobile Club Insurance Company, settled a claim for wrongful death arising out of a highway accident for $14,000. It then sought to recover one-half of this sum from the Commonwealth of Kentucky by filing a claim, in the Board of Claims, wherein it alleged the decedent's death "was caused and brought about by the joint and concurrent negligence, recklessness and carelessness" of its insured and agents of the Commonwealth. The board concluded as a matter of law that the partial waiver of governmental immunity provided by KRS 44.070 does not include the right to recover for contribution. The board's order was affirmed on appeal to the circuit court.

The Board of Claims is authorized by KRS 44.070 "to compensate persons for damages sustained to either person or property as a proximate result of negligence on the part of the Commonwealth." It is the Commonwealth's contention .that the insurance company is not a "person" within the legislative intent of this statute. This premise does not take cognizance of the capacity in which the company seeks a recovery. After paying the damage claim asserted against the tort-feasors, the company became subrogated to the rights of its insured. Hence, it stands in the same position as its insured would have if he had satisfied the claim and then asked for contribution before the board. Leitner v. Hawkins, 311 Ky. 300, 223 S.W.2d 988.

The Commonwealth also contends that since contribution is based on implied contract, this action is not founded on negligence and may not be maintained under KRS 44.070. It has been recognized that before a party may maintain an action for contribution (KRS 412.030) the claim must have been satisfied by that party so as to give rise to an implied contract. In other words, if one party pays money under circumstances whereby he can establish that another party owes a portion of this debt, the former party may maintain an action to recover it. Consolidated Coach Corp. v. Wright, 231 Ky. 713, 22 S.W.2d 108.

In the instant action the company paid the entire claim asserted by the decedent's estate. While the payment gave rise to an implied contract this merely

gave it the right to seek a recovery of the damages it paid on behalf of the joint tort-feasor. Southeastern Greyhound Lines v. Myers, 288 Ky. 337, 156 S.W.2d 161, 138 A.L.R. 1461. The basis of the action is the alleged negligence of the Commonwealth. The company must convince the board that negligence of the Commonwealth was a proximate cause of the accident before it can obtain an award. Consolidated Coach Corp. v. Burge, 245 Ky. 631, 54 S.W.2d 16, 85 A.L.R. 1086.

We believe it is within the intent of the legislature in enacting KRS 44.070 that a tort-feasor (or person subrogated to his rights), who has settled a claim based on the negligence of the joint tort-feasors, should be able to recover the Common-wealth's share of the obligation when the latter is one of the joint tort-feasors.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.