**COMMONWEALTH of Kentucky TRANSPORTATION CABINET DEPARTMENT of HIGHWAYS, Appellant,**

v.

**ARROW TRUCK LINES AND TRANSPORT INDEMNITY COMPANY; Kentucky Board of Claims, Appellees.**

Court of Appeals of Kentucky.

June 27, 1986.

Louis Kawaja, Lexington, for appellant.

Charles E. Duncan, Duncan & Lehnig, Louisville, for appellees.

William L. Davis, Asst. Atty. Gen., Frankfort, for Kentucky Bd. of Claims.

Before HAYES, C.J., and CLAYTON and HOWERTON, JJ.

CLAYTON, Judge.

This is an appeal from a judgment of the Fayette Circuit Court affirming an opinion and award of the Kentucky Board of Claims. On appeal, the Kentucky Transportation Cabinet argues that the findings of the Board did not support its award, that comparative negligence does not apply, and that both the circuit court and the Board erred in permitting Arrow Truck Lines to recover by way of either contribution or indemnity.

The present appeal arises from a fatal traffic accident in Madison County, Kentucky, involving the appellee truck lines and an employee of the Cabinet. According to Arrow Truck Lines' version of events, on February 28, 1979, its employee, Charles Ray Young, was driving north on Interstate 75 in a tractor-trailer hauling 71,000 pounds of steel sheets. As the tractor-trailer rounded a hill approaching the Clay's Ferry Bridge, a green 1972 Ford passed it in the right-hand lane and entered the left lane immediately in front of the vehicle. At that time, Young was traveling in the left-hand lane at approximately 50 to 55 miles per hour, 60 feet behind another tractor pulling a 12-foot-high van. Allegedly to avoid a collision with the Ford, Young changed lanes to the right-hand lane. Seeing a flagman standing in the right lane by a flashing arrow, Young attempted to stop and return to the other lane but was unable to do so as the left side of his truck was adjacent to the right side of the tractor-trailer in front of the green Ford. Young's vehicle then struck the flashing arrow, killing Wayne Lee Colliver, Jr., a member of the work crew working immediately north of the arrow in the right-hand lane.

A markedly different version of events is given by George Tribble, Jr., a driver traveling north on Interstate 75 in the right lane at the time of the fatal accident. Tribble first became aware of the Arrow Truck Lines truck after hearing its horn. Looking to the left-hand lane, he saw the truck "tailgating" a green Ford. The Ford changed lanes to the right-hand lane and the truck continued in the left lane until it was directly behind the truck in front of it. After passing the Ford, Young's truck changed to the right lane itself apparently to pass the other truck. At this point, the Arrow truck was very near the bridge on which the construction crew was working. Tribble then testified that he saw the Ar-

row Truck Lines vehicle strike the flashing arrow. Tribble did not see the truck attempt to stop nor did he see the Ford attempt to pass Young's vehicle. At the time of the accident, the weather was clear and dry with visibility approximately four-tenths of a mile.

A claim was subsequently filed by Arrow Truck Lines and Transport Indemnity Company with the Kentucky Board of Claims. Arrow Truck Lines, by that claim, sought to recover through contribution or indemnity a portion of the $167,500 settlement voluntarily paid by it to the estate of Wayne Lee Colliver. In support of its claim, the truck lines argued that the work crew was not adequately protected from traffic hazards by sufficient signs, signals or barriers as required by state and federal regulations. After an exhaustive review of the testimony taken, the Board determined that the Transportation Cabinet was negligent in failing to provide proper signing in violation of the Uniform Traffic Control Manual relied upon by the Cabinet. It further found that Young was negligent in passing in the right-hand lane in violation of KRS 189.340(2), (3) and (7)(b). However, Young's intervening negligence was found not to be a superseding cause so as to relieve the Cabinet from its initial negligence. The Board then continued, rejecting the Cabinet's argument that Arrow Truck Lines, having voluntarily paid the claim, had not shown that it could have been compelled to do so by law. As for the Cabinet's claim that Arrow Truck Lines could not recover due to its contributory negligence, the Board, citing *Union Carbide Corp. v. Sweco*, Ky., 610 S.W.2d 932 (1981), concluded that a joint tort-feasor need not be totally absent of negligence to permit recovery upon a claim for indemnification. The Board then concluded that Arrow Truck Lines was entitled to indemnity of $50,000, the statutory maximum amount.

Upon appeal to the Fayette Circuit Court by the Cabinet, the order of the Board was affirmed. Interpreting the order, the circuit court expressed the belief that the Board found both the Cabinet and Arrow Truck Lines to be joint tortfeasors with the negligent acts of both being substantial factors in causing the accident. Agreeing that substantial evidence supported the findings, the circuit court continued to explain, however, that Arrow Truck Lines' recovery lay not under the principle of indemnity but of contribution. Indemnity, in the circuit court's view, arises only where liability is shifted entirely from a secondarily liable tort-feasor, liable only technically or constructively, to a primarily liable tort-feasor. Contribution, on the other hand, was explained to distribute the loss among joint tort-feasors according to their respective share of liability. In concluding its judgment, the Fayette Circuit Court opined that *Hilen v. Hays*, Ky., 673 S.W.2d 713 (1984), was not applicable and that comparative negligence, if involved at all, would only relate to determining the percentage of contribution of the Cabinet and whether the $50,000 award was equal to or exceeded that percentage of liability.

■ The Cabinet first argues that the Board's findings do not support its award. In essence, appellant, by this argument, contends that the contributory negligence of Arrow Truck Lines bars its recovery from the Cabinet. We disagree. This same argument was raised and rejected in *Commonwealth of Kentucky, Dep't. of Highways v. Automobile Club Insurance Company*, Ky., 467 S.W.2d 326 (1971). In *Automobile Club Insurance*, Automobile Club instituted an action before the Board of Claims seeking contribution from the Department of Highways for a portion of a $14,000 settlement paid the estate of Frank Fuller. Fuller, a 14-year-old youth, was killed when the truck in which he was a passenger overturned while attempting to negotiate a steep curve on a public road at Natural Bridge State Park in Kentucky. *Id.* at 327. The Board found the Department to be negligent in failing to post speed limit signs or place a guardrail at the curve. As a result, the Board directed the Department to pay $7,000 in contribution. On appeal, the Department argued that it could not be held jointly liable with other

tort-feasors toward injured third parties so as to make it liable for contribution. This argument was rejected outright, the former Kentucky Court of Appeals citing its earlier opinion in the same controversy, *Automobile Club Insurance Company v. Commonwealth Dep't. of Highways*, Ky., 414 S.W.2d 578 (1967). That opinion provides that,

> We believe it is within the intent of the legislature in enacting KRS 44.070 that a tort-feasor (or person subrogated to his rights), who has settled a claim based on the negligence of the joint tort-feasors, should be able to recover the Commonwealth's share of the obligation when the latter is one of the joint tort-feasors.

*Id.* at 580. Accordingly, we conclude that the contributory negligence of Arrow Truck Lines is no bar to its recovery from the Commonwealth before the Board. In this respect, the Board's findings as to the Department's negligence are thoroughly supported in the record by substantial evidence and may not be reversed upon appeal. *Commonwealth v. Bergee Brothers, Inc.*, Ky., 480 S.W.2d 158 (1972); *Kentucky State Racing Commission v. Fuller*, Ky., 481 S.W.2d 298 (1972).

The Department next argues that comparative negligence as judicially adopted in *Hilen v. Hays*, Ky., 673 S.W.2d 713 (1984), does not apply to the present action. We agree. *Hilen*, by its terms, applies only to cases tried or retried after its rendition, or cases pending in which the issue was properly preserved. None of these conditions apply to the present appeal. That *Hilen* is inapplicable, however, does not mean that the concept of contribution cannot be applied between joint tort-feasors to apportion their financial liability in accordance with their respective degree of negligence. Contribution has long predated comparative negligence and is not dependent upon it for its application. *See V.V. Cooke Chevrolet v. Metropolitan Trust Co.*, Ky., 451 S.W.2d 428 (1970).

By its third and final argument, the Department contends that the circuit court erred in permitting recovery under either

the principle of indemnity or contribution. With respect to indemnity as a basis for recovery, the Department reasons that Arrow Truck Lines' voluntary settlement payment to the estate of Wayne Lee Colliver, absent a showing of its legal liability to make these payments, prevents its recovery by indemnity. As for contribution, the Department maintains that as its common law liability to the injured party in negligence is abolished under the Kentucky Workers' Compensation Act, it may not be compelled to contribute its respective share of the loss. *Employer's Mutual Liability Ins. Co. v. Griffin Constr. Co.*, Ky., 280 S.W.2d 179 (1955).

In response to appellant's arguments concerning indemnity, we note that one who has voluntarily paid a claim is not required to show that he *was* legally compelled to pay the claim, but that he *could have been* compelled at law to pay it. *Ashland Oil & Refining Co. v. General Telephone Co.*, Ky., 462 S.W.2d 190, 193 (1970). In the present case, there is, in our view, overwhelming proof that Arrow Truck Lines could have been compelled at law to pay the claims of Colliver's estate. The Board so found and our own review concludes that such finding is supported by substantial evidence and thus irreversible.

As for *Employer's Mutual Liability Ins. Co. v. Griffin Constr. Co.*, *supra*, and its holding with respect to contribution, it has been substantially modified by *Burrell v. Electric Plant Bd. of the City of Franklin, Kentucky*, Ky., 676 S.W.2d 231 (1984). In *Burrell*, an employee injured by a high voltage electric line brought an action against the Electric Plant Board which, in turn, sought indemnity or, in the alternative, contribution from his employer. The employer, in response, asserted that it could not be held liable under either theory as KRS 342.690(1) of the Kentucky Workers' Compensation Act precluded liability to a third party for contribution. Interpreting the 1972 version of KRS 342.690(1), the Kentucky Supreme Court held that the effect of the change in statutory language was to remove the unlimited exclusive remedy lan-

guage of the former statute, KRS 342.-015(1), and substitute a limited liability version in its place. *Id.* at 234. Under the current statute, an employer's liability to a third party who has paid damages due to the death or injury of an employee is limited to the amount of compensation and other benefits for which the employer is liable under the Workers' Compensation Act. *Id.* In the present case, this amount is further limited to the $50,000 statutory maximum imposed upon awards granted by the Board of Claims. KRS 44.070(5). As neither the opinion and award of the Board nor the judgment of the circuit court establish the workers' compensation liability of the Commonwealth to the Colliver estate, however, we are forced to remand the case to the Board for a determination of the employer's liability under the workers' compensation statutes. The Board's award is then to be limited to the lesser of the amount of employer liability under KRS Chapter 342 or the $50,000 statutory maximum of KRS 44.070(5).

The judgment of the Fayette Circuit Court is vacated and remanded to the Board for action in accordance with the above opinion.

All concur.