660 F.Supp. 469 (1986)
Julia M. LONG, Executrix of the Estate of Luther F. Long, Jr., Plaintiffs,
v.
ILLINOIS CENTRAL GULF RAILROAD CO. IN PADUCAH, KENTUCKY, General Motors, Inc. (Electric Motors Division), Powers Part, Co., Durox Equipment of Kansas, Inc., Garlock, Inc., Colt Industries, Inc. (Farnam Sealing Systems Division), Dana Corporation, and Vellumoid Incorporated, Defendants.
ILLINOIS CENTRAL GULF RAILROAD COMPANY, a corporation, Cross-Plaintiff,
v.
GENERAL MOTORS CORPORATION, Powers Parts Company, Durox Equipment of Kansas, Inc., Garlock, Inc., Colt Industries, Inc., Dana Corporation, and Vellumoid Incorporated.
Civ. A. No. C84-0390-P(J).
United States District Court, W.D. Kentucky, Paducah Division.
December 30, 1986.
Kenneth M. Switzer, Switzer & Mitchell, Charles J. Williams, Nashville, Tenn., Joseph Rice, Blatt & Fales, Barnwell, S.C., for plaintiffs.
Paul R. Leitner, Leitner, Warner, Moffitt, Williams, Dooley, Carpenter & Napolitan, *470 Chattanooga, Tenn., for Garlock, Inc. & Colt Industries.
Phillip Little, McMurry & Livingston, Paducah, Ky., for defendant Durox Equipment Co. of Kansas, Inc.
Richard E. Boyle, Gundlach, Lee Eggmann, Boyle & Roessler, Belleville, Ill., Henry O. Whitlow, Whitlow, Roberts, Houston & Russell, Paducah, Ky., for defendants.
Lively M. Wilson, Thomas C. Hundley, Rebecca F. Schupbach, Stites & Harbison, Louisville, Ky. and Michael P. Penick, Boehl, Stopher, Graves & Deindoerfer, Paducah, Ky., for defendant Dana Corp.
Anthony J. Basinski, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., and Maubert R. Mills, Mills, Mitchell & Turner, Madisonville, Ky., for defendant Vellumoid.

MEMORANDUM
JOHNSTONE, Chief Judge.
This matter is before the Court on Cross-defendants' Motion to Deny Leave to Illinois Central Gulf Railroad Corporation (ICG) to File Cross Claims. This Court, by Order entered April 2, 1986, directed that all cross-claims be filed in this case by May 30, 1986, and by Order entered June 9, 1986 directed ICG to file memoranda supporting the cross-claims it had filed. This is an action under the Federal Employers Liability Act, 45 U.S.C. § 51, against ICG and others, for negligence in allowing unsafe exposure to asbestos in a workplace. Jurisdiction in this Court is proper under 28 U.S.C. § 1331.

I. BACKGROUND
On or about December 4, 1984, Luther F. Long, Jr. filed suit against ICG. Long's Complaint alleged that ICG negligently required him to be continuously exposed to asbestos-containing products in his workplace and that ICG failed to provide him with protective equipment or warnings, despite the fact that ICG knew or should have known as of 1965 that exposure to asbestos-containing products could cause serious bodily harm.
By way of two amended Complaints, Long brought several other defendants into the case, including General Motors, Incorporated, Power Parts Company, Durox Equipment of Kansas, Incorporated and Garlock, Incorporated. In February 1986, all of these non-railroad defendants engaged in settlement negotiations with plaintiff's counsel, and successfully concluded settlements of the claims against them. In the course of their negotiations, the settling defendants agreed among themselves to dismiss all cross-claims against each other. ICG was not a party to these negotiations, or the agreement to drop all cross-claims.
In May of this year, ICG negotiated a separate settlement with the plaintiff. Apparently ICG did not consult or notify any of the other defendants of its settlement negotiations nor tender a defense of the claims against it to any of the other defendants. Thereafter, with the Court's leave, ICG filed a cross-claim seeking contribution or indemnity from the other defendants. The cross-defendants (hereinafter the defendants) subsequently filed the present motion in opposition to that cross-claim.

II. PROCEDURAL POSTURE
Defendants have not offered their motion in opposition to ICG's cross-claim pursuant to any specific Rule of Civil Procedure. ICG has construed Defendant's motion as a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. This Court agrees with ICG. Although defendants refer to evidentiary matters, this Court does not find the type of support in the defendant's motion which would warrant treatment of this motion as one for summary judgment. Therefore, the Court shall consider defendant's motion only as a motion to dismiss for failure to state a claim.
In determining the sufficiency of a complaint, this court must take the complaint's allegations as true, and construe the complaint in the light most favorable to the movant. See Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Davis H. Elliot Co. Inc. v. Caribbean Utilities *471 Co., Ltd, 513 F.2d 1176, 1182 (6th Cir.1975); L'Orange v. Medical Protective Co., 394 F.2d 57 (6th Cir.1968); C. Wright & A. Miller, Federal Practice and Procedure § 1357; FED.R.CIV.P. 8(f). Construed most liberally, if the complaint states any valid claim for relief it must not be dismissed. See Conley, supra 78 S.Ct. at 102. The complaint must, however, charge every essential element necessary to recover on some legally cognizable claim, and set forth a sufficient basis from which a defendant may form a responsive pleading. See Wright & Miller § 1216.

III. INDEMNITY
In the present case, ICG's claim for indemnity arises under the laws of Kentucky. Therefore, the sufficiency of ICG's cross-claim is determined according to Kentucky law. Eades v. Union Railway Company, 396 F.2d 798, 799 (6th Cir.1968); Penn Central Corp. v. Checker Cab Co., 488 F.Supp. 1225, 1228 (E.D.Mich.1980). Kentucky recognizes the common law rule that if one tortfeasor is liable for an injury to its employee occurring in an unsafe workplace created by the actions of a third-party, such liability is technical or passive and the tortfeasor is entitled to indemnity from the third party. See, e.g., Davidson v. Leadingham, 294 F.Supp. 155, 158 (E.D.Ky. 1968). At base, to state a claim for indemnity under Kentucky law, a party must allege that 1) he is subject to liability, but 2) he is exposed to such liability as a result of the actions of another person and that 3) the other person should as a matter of public policy in law or equity be required to make good the party's loss. See Nally v. Boop, 428 S.W.2d 607, 609 (Ky.1968); Brown Hotel Co. v. Pittsburgh Fuel Co., 311 Ky. 396, 224 S.W.2d 165, 167 (1949). It is the particulars of the first element which raises concern in this case.

A. Subject to Liability
ICG argues in effect that its claim for indemnity need only allege that ICG could have been subject to liability. ICG argues a party who has settled must allege only that the amount paid to the victim was paid in good faith and was reasonable, and that the settling party could have been compelled to pay the victim. ICG cites Consolidated Coach v. Burge, 245 Ky. 631, 54 S.W.2d 16 (1932), Brown Hotel Co. v. Pittsburgh Fuel Co., 311 Ky. 396, 224 S.W.2d 165 (1949) and Ashland Oil Co. v. General Telephone Co., 462 S.W.2d 190 (Ky.1970) in support of this contention. Defendants disagree, claiming that under the rule of Ashland Oil the settling party must show that it was actually subject to liability to the victim.
The decision in Ashland Oil & Refining Co. v. General Telephone Co., 462 S.W.2d 190 (Ky.1970) is determinative of the question before this Court. Ashland Oil arose out of the electrocution of a General Telephone employee who was injured while servicing telephone lines on the grounds of an Ashland Oil plant. The injured employee sued Ashland Oil seeking to recover for his injuries. The compensation carrier intervened to recover the amount of workmen's compensation paid the employee, and Ashland filed a third-party complaint against General Telephone seeking indemnity for any amount that might be levied against Ashland. While these claims were pending, Ashland settled the employee's claims, and the two parties agreed that if the compensation carrier was entitled to recoup the compensation benefits paid, that Ashland, and not the employee would be liable. Ashland's and the compensation carrier's claims were tried, and the trial court found that Ashland, General Telephone and the employee had been negligent. The court dismissed Ashland's claim for total indemnity, but awarded Ashland a sum corresponding to what the court saw as General Telephone's workmen's compensation liability.
In reversing the lower court's decision, the Court of Appeals of Kentucky considered the requirements for recovering on a claim for indemnity made by a tortfeasor who has voluntarily paid a victim's claim against a joint wrongdoer. The Court held that a settlement of a claim by one tortfeasor does not bind another who does not agree to it, nor does such a settlement limit the defenses which the other party may assert in an action for indemnity by the *472 settling defendant. See Consolidated Coach Corporation v. Burge, 245 Ky. 631, 54 S.W.2d 16 (1932). The Court then stated that to recover on a claim for indemnity, "one who has voluntarily paid a claim should be required to show that he was legally liable for it and could have been compelled at law to pay the claim before he is permitted a recovery by way of indemnity." See Ashland Oil, supra, at 193 (emphasis added). What the Court meant by requiring the indemnitee to show that he was "legally liable" as well as that he "could have been compelled at law to pay the claim" is the crux of the present motion before this Court.

B. "Legally Liable"
In requiring a showing of `legal liability', the Court was echoing the language of Tugboat Indian Co. v. A/S Ivarans Rederi, 334 Pa. 15, 5 A.2d 153 (1939) which required a showing of merely `legal liability,' and Aetna Freight Lines, Inc. v. R.C. Tway Company, 352 S.W.2d 372 (Ky.1961) (applying Ohio law) which required a showing by the indemnitee of `actual legal liability' before the indemnitee could recover on his claim. There is no real difference between the two phrases, nor between the holdings in the two cases. Consequently, this Court interprets the requirement of showing `legal liability' in Ashland Oil to mean that the indemnitee must show that he was in fact legally liable for the victim's claim.
This interpretation is supported by the Court of Appeal's ruling in Ashland Oil. The Court there held that the settlement payment by Ashland was voluntary, and that Ashland could not seek indemnity from General Telephone on the employee's workmen's compensation. The Court based this ruling on the fact that the right to workmen's compensation is purely statutory, and only the Compensation Board may determine legal liability under the statute. Absent a determination by the Compensation Board, no one was "legally liable" on the employee's worker's compensation claim. Consequently, Ashland could not establish the `legal liability' required to recover indemnity from General Telephone. See Ashland Oil supra, at 194.
This Court does not understand Ashland Oil to hold that an actual judgment must be rendered before a claim for indemnity could succeed. Rather, under Kentucky law one need only show that he was actually liable, and could have been held accountable therefore under the law. See Commonwealth of Kentucky v. Arrow Truck Lines & Transport Indemnity, 713 S.W.2d 1, 4 (Ky.App.1986) ("[O]ne who has voluntarily paid a claim is not required to show that he was legally compelled to pay the claim, but that he could have been compelled at law to pay it.").

C. "Could Have Been Compelled at Law to Pay the Claim"
In requiring one seeking indemnity to show that he "could have been compelled at law to pay the claim," the Court of Appeals in Ashland Oil merely clarified the requirement of showing "legal liability." This "additional requirement" simply imposes a burden on the one seeking indemnity to show that his liability was certain, and that there was no impediment or defense to the claim against him. In this way, the one seeking indemnity is prevented from foisting the costs of its bad judgment on others who would not otherwise have been liable.[1] Again, Ashland Oil supports this interpretation.
*473 In Ashland Oil, the lower court found the injured employee to have been contributorily negligent. Consequently, Ashland had a complete defense to the employee's claims when it settled them. While Ashland may have been prima facie "legally liable" to the employee, it could not in the final instance have been legally compelled to pay the employee's claim. Absent the showing of a certain legal compulsion to pay, the court declined to indemnify Ashland for the cost of its erroneous decision to pay the employee.
The law of Kentucky is that a defendant who has settled a claim against him may recover on a claim for indemnity against a joint tortfeasor only after the defendant has shown that he was actually liable on the plaintiff's claim, including showing that there were no defenses, or impediments to the plaintiff's recovery on the claim settled. Therefore, to adequately make out a claim for indemnity on a settled claim under Kentucky law, the indemnitee must allege that the indemnitee was subject to actual legal liability. See Ashland Oil Co. v. General Telephone Co., 462 S.W.2d 190, 193 (Ky.Ct.App.1970); Brown Hotel Co. v. Pittsburgh Fuel Co., 311 Ky. 396, 224 S.W.2d 165, 167 (1949).

IV. CONTRIBUTION
Under the law of Kentucky, a right to contribution exists where one tortfeasor is compelled to pay or satisfy all or more than his just share of a common obligation for which several persons are equally liable. See Lexington Country Club v. Stevenson, 390 S.W.2d 137, 143 (Ky.1965); KY. REV.STAT. § 412.030 (Banks-Baldwin 1978); 18 AM.JUR.2D (Rev.) Contribution §§ 1, 2 (1985). In order to make out a claim for contribution, a claimant who has settled must allege 1) the act of negligence, 2) the incident causing injuries, 3) the injuries that resulted, 4) the existence of a common liability, and 5) the reasonableness of the sum paid in settlement of the claim. See Campbellsville Lumber Co. v. Lawrence, 268 S.W.2d 655, 656 (Ky.1954); Southeastern Greyhound Lines v. Myers, 288 Ky. 337, 156 S.W.2d 161 (1941); Consolidated Coach Corp. v. Burge, 245 Ky. 631, 54 S.W.2d 16 (1932). Furthermore, the claimant must allege sufficient facts to show an enforceable obligation existed against the claimant, not just against the party from whom contribution is sought. See Deatley's Adm'r v. Phillips, 243 S.W.2d 918, 921 (Ky.1951); Consolidated Coach Corp., supra.

V. ICG'S CROSS-CLAIM
Examining ICG's Cross-claim, this Court is unable to find all of the necessary allegations required by Kentucky law to state a claim for indemnity or contribution. Specifically, this Court cannot find the basic facts alleged that would support a claim against ICG. Nor can the Court find any clear allegation in ICG's Cross-claim that it was or is liable to Luther Long on his claims either for the purposes of seeking indemnity or contribution. Indeed, ICG specifically denies that it is liable in any way to Luther Long in each Count of its Cross-claim. This Court find no allegations of or supporting the existence of a common liability or the reasonableness of the sum paid in settlement. Instead ICG's Cross-claim is a series of counts each of which sets forth the facts necessary to support an action by Long against each defendant, and alleging liability on the party of each of those defendants.
ICG has framed its cross-claims against the defendants as though the principal action by Luther Long were still ongoing. Such is not the case here. Allegations that Luther Long filed suit against ICG and that ICG could be liable might have been sufficient to support a claim for indemnity in the ongoing principal action. However, when seeking indemnity or contribution for a claim which has been settled, something more is required. ICG is not required to give up its defenses to any claims in this *474 suit, but it must plead, at least in the alternative, that it was liable to Luther Long on the settled claim.
This Court has given ICG's Cross-claim a liberal reading. Even under the most liberal reading, however, this Court has difficulty finding any legal claim stated in ICG's Cross-claim against the other defendants in this case. Consequently, this Court must dismiss ICG's Cross-claim for failure to state a claim upon which relief can be granted. The Court shall grant ICG thirty days leave to amend its Cross-claim.
NOTES
[1] The policy expressed in Orr v. Coleman, 455 S.W.2d 59 (Ky.Ct.App.1970), a leading Kentucky case on the right of contribution available to a settling party to be applicable to the present analysis. In that case, the Court of Appeals of Kentucky stated that Kentucky had a "long-standing policy" of apportioning liability between defendants. This policy would not be achieved

when the amount of the nonsettling tortfeasor's liability is made to depend on the amount for which the other has settled, and over which the nonsettling tortfeasor may or may not have exercised any control. In such a case, the claimant gives up nothing by settling with the one, since he gets the balance from the other. And if the nonsettling tortfeasor may then enforce contribution from the one who has settled, the purpose of the settlement is defeated. Should we hold that to be the case there would simply be no more partial settlements.
See id. at 61. Clearly, Kentucky disfavors conditioning the liability of one settling defendant upon the independent judgment of another defendant. Consequently, it is certain that Kentucky would only permit one settling defendant to enforce a claim of indemnity against another defendant upon the clearest showing of actual, derivative liability by the indemnitee.