**KENTUCKY SCHOOL BOARDS INSURANCE TRUST,**
Plaintiff,

v.

**STATE FARM MUTUAL INSURANCE,**
Defendant.

Civ. A. No. 91–357.

United States District Court,
E.D. Kentucky,
Pikeville Division.

Nov. 14, 1995.

Robert Estes Stopher, Boehl, Stopher & Graves, Louisville, KY, for plaintiff.

Eugene C. Rice, Rice, Preston & Brown, Paintsville, KY, Max D. Picklesimer, Martin, Picklesimer, Justice & Vincent, Ashland, KY, J.K. Wells, Wells, Porter, Schmitt & Jones, Paintsville, KY, for defendant.

*MEMORANDUM OPINION AND ORDER*

HOOD, District Judge.

Pursuant to the direction of the Court, the parties have indicated the manner in which they contend the non-jury trial set in this matter should proceed.

---

State Farm Mutual Insurance [State Farm] maintains that this action must be tried as a case within a case in light of *Barnes v. Pennsylvania Casualty Co.*, 306 Ky. 435, 208 S.W.2d 314 (1948), and the general framework set out in former Kentucky Supreme Court Justice Charles M. Leibson's article entitled *Legal Malpractice Cases: Special Problems in Identifying Issues of Law and Fact and in the Use of Expert Testimony*, 75 KY.L.J. 1 (1986).

In response, the Kentucky School Boards Insurance Trust [KSBIT] contends that proof should center on whether settlement was reasonable in light of the circumstances. KSBIT further maintains that a case within a case approach is untenable due to the fact that (1) the antecedent case was settled; (2) State Farm could be in the position of taking advantage of a case within a case discount but avoid such a premium; and (3) it would be impossible to recreate the outcome of a jury trial in Hindman, Kentucky through a non-jury trial in Frankfort.

## FACTUAL BACKGROUND

On September 22, 1989, Kathy Hall and her son Jeff were struck by an automobile while near a school bus stop in Knott County, Kentucky. The school bus in which Jeff Hall had been riding was following its daily route south down Kentucky Highway 899. When the bus came to a stop with all warning lights activated, Kathy Hall was waiting to meet Jeff. Jeff exited the bus and he and his mother proceeded to cross the highway.

As the two came to the edge of the other side of the road, the driver of an automobile which was headed north rounded a curve located south of the bus stop and lost control of his automobile. The automobile left the roadway on the east side striking both Kathy Hall and Jeff at some point off of the highway. As a result, Kathy Hall died and Jeff was seriously injured.

An action was filed on behalf of the Halls in the Knott County Circuit Court against the driver of the automobile and the Knott County Board of Education [School Board]. The School Board had two insurance policies covering its vehicles, a general liability insurance policy with KSBIT and an automobile liability insurance policy with State Farm. State Farm denied that its policy covered this occurrence and refused to defend the School Board.

KSBIT stepped into the breach and obtained counsel to defend the School Board. Without the approval of State Farm, KSBIT settled the matter for $179,583 on November 23, 1990. KSBIT then filed this action to recover all or part of the settlement amount as well as the costs of defending the School Board.[1]

## DISCUSSION

■ Having considered the parties' contentions, the Court concludes that the non-jury trial must proceed as a case within a case in accordance with *Barnes v. Pennsylvania Casualty Co.*, 306 Ky. 435, 208 S.W.2d 314 (1948). In *Barnes*, R.R. Barnes [Barnes] brought an action against his insurance company to recover $800 he had paid to settle a claim brought after one of his trucks collided with a bus. Barnes maintained that because the insurance company had denied coverage he was entitled to reimbursement for a reasonable settlement of the claim. The action proceeded to trial and when Barnes failed to put on any evidence to prove that the accident was caused by the negligence of the driver of his truck the trial court directed a verdict for his insurance company. The Kentucky Court of Appeals affirmed the decision of the trial court holding that in order to recover from his insurance company Barnes was required to show that he was legally liable due to his or his agent's negligence.

■ It is clear from *Barnes* and the two decisions cited therein[2] that Kentucky law

---

1. The Court previously concluded that the State Farm policy and not the KSBIT policy covered this incident. As State Farm therefore had a duty to defend the School Board, KSBIT was awarded the legal fees and expenses it incurred in defending the School Board.

2. *Royal Indemnity Co. v. May & Ball*, 222 Ky. 157, 300 S.W. 347 (1927); *Interstate Casualty Co. v. Wallins Creek Coal Co.*, 164 Ky. 778, 176 S.W. 217 (1915).

requires that evidence of negligence and causation be presented by KSBIT in asserting the rights of the School Board against State Farm at the non-jury trial.[3] In order for KSBIT to succeed on its subrogated claim, it must show that the School Board had a legally enforceable claim against State Farm.[4] That is, there must have been liability of the School Board to the Halls in the antecedent case and such liability must have been covered by the State Farm policy. Merely proving that the settlement was reasonable in light of the circumstances does not entitle KSBIT to recover from State Farm.

Although peculiar, this requirement logically fits within the framework of that category of cases that present special problems associated with pursing an action predicated on the success of another action which never took place or was negligently tried. In an attorney malpractice case in which the former client alleges that the attorney botched the case, for example, the former client not only must prove the attorney's neglect but also must try the antecedent case *de novo*. *Michels v. Sklavos*, 869 S.W.2d 728, 730 (Ky. 1994). Without this requirement, a former client whose case was without merit would be unjustly enriched by merely proving a breach of duty.

The fact that the antecedent claim in the matter at hand was settled does not distinguish this matter from *Barnes*. In fact, *Barnes* itself involved an antecedent claim that was settled. To hold otherwise would allow a party like the School Board or KSBIT to forego litigation by settling even though it is not properly liable. Upon proof that the settlement was reasonable, such party could succeed in incorrectly placing liability.

In addition, although it is true that a non-jury trial in federal court cannot precisely recreate the outcome of a jury trial instituted five years ago in state court, such problem is one inescapable imperfection with which the law lives. Likewise, the fact that KSBIT is not entitled to recover more than it has expended is a problem inherent in all matters which fall within the case within a case doctrine. Although such problems may be intellectually puzzling, they are not fatal to the doctrine itself.

In conformance with the Court's suggestion at the pretrial conference, depositions already taken in the antecedent case will prove useful in the efficient disposition of this matter. In addition, expert testimony should be directed to the *de novo* determination of the issues presented by the underlying action against the School Board, not to the reasonableness of settlement under the circumstances. In short, as far as possible, all evidence should take the same form as if the claim was being tried by the original litigants.

**IT IS HEREBY SO ORDERED.**

---

**3.** Where the theory of recovery is one of indemnity rather than subrogation, the same case within a case requirement obtains. In order to recover, the plaintiff must show that he was legally liable and could have been compelled to pay. *Ashland Oil Refining Co. v. General Telephone*, 462 S.W.2d 190, 193 (Ky.1970).

**4.** "If the insurance company, in response to a notice from the insured, had expressly denied its liability, we have no doubt that the insured might have effected a reasonable settlement of the claim and recovered from the insurance company the amount paid in settlement, **provided**, of course, the liability was covered by the policy and the injured party had an **enforceable claim against the insured.**" *Interstate Casualty Co.*, 176 S.W. at 220–21 (emphasis added).