# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### MAY 1997 SESSION

FILED

August 8, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,          )
                             )      C.C.A. NO.  02C01-9608-CC-00270
          Appellee,          )
                             )      HENRY  COUNTY
VS.                          )
                             )      HON. JULIAN P. GUINN,
KATRINA DENEAN TEAGUE,       )      JUDGE
                             )
          Appellant.         )       (Sentencing)


FOR THE APPELLANT:                    FOR THE APPELLEE:


VICKI H. HOOVER                       JOHN KNOX WALKUP
123 North Poplar St.                  Attorney General & Reporter
Paris, TN 38242
                                      WILLIAM DAVID BRIDGERS
                                      Asst. Attorney General
                                      450 James Robertson Pkwy.
                                      Nashville, TN  37243-0493


                                      ROBERT (GUS) RADFORD
                                      District Attorney General


                                      VICKI S. SNYDER
                                      Asst. District Attorney General
                                      Court Square
                                      Paris, TN 38242


OPINION FILED:_____


AFFIRMED


JOHN H. PEAY,
Judge

## O P I N I O N

The defendant was indicted for two counts of aggravated burglary, a Class C felony. T.C.A. § 39-14-403(b). She pled guilty to both counts pursuant to a plea agreement under which she was sentenced to three years on each count as a Range I standard offender. At the hearing for the determination of how the sentence would be served, the trial court ordered the defendant to serve ninety days in continuous confinement and the balance of the sentence in the Community Corrections Program. The court also ordered her to pay restitution of three thousand four hundred twenty-three dollars ($3,423.00). The defendant now appeals, claiming that her sentence "is excessive and unduly harsh." She also contends that she was wrongly denied pretrial diversion. After reviewing the record, we affirm the judgment of the trial court.

When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

T.C.A. § 40-35-103 sets out sentencing considerations which are guidelines for determining whether or not a defendant should be incarcerated. These include the need "to protect society by restraining a defendant who has a long history of criminal conduct," the need "to avoid depreciating the seriousness of the offense," the determination that "confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses," or the determination that "measures less

restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." T.C.A. § 40-35-103(1).

In determining the specific sentence and the possible combination of sentencing alternatives, the court shall consider the following: (1) any evidence from the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and the arguments concerning sentencing alternatives, (4) the nature and characteristics of the offense, (5) information offered by the State or the defendant concerning enhancing and mitigating factors as found in T.C.A. §§ 40-35-113 and -114, and (6) the defendant's statements in his or her own behalf concerning sentencing. T.C.A. § 40-35-210(b). In addition, the legislature established certain sentencing principles which include the following:

> (5) In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration; and
>
> (6) A defendant who does not fall within the parameters of subdivision (5) and is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary.

T.C.A. § 40-35-102.

After reviewing the statutes set out above, it is obvious that the intent of the legislature is to encourage alternatives to incarceration in cases where defendants are sentenced as standard or mitigated offenders convicted of C, D, or E felonies. However, it is also clear that there is an intent to incarcerate those defendants whose criminal histories indicate a clear disregard for the laws and morals of society and a failure of past efforts to rehabilitate.

3

With respect to the defendant's contention that her sentence "is excessive and unduly harsh," we first note that she agreed to its length and that it is the minimum sentence for a Range I standard offender. T.C.A. § 40-35-112(a)(3). Obviously, then, her sentence is not excessive. Nor is it "unduly harsh." In deciding to incarcerate the defendant for a brief time, the court below took into account the sentencing considerations set out in T.C.A. § 40-35-103. The court concluded that, in view of the defendant's previous convictions for assault and battery, shoplifting, violating the bad check law, petit larceny and larceny from a person, there was a need to protect society by restraining her. The court noted that less restrictive measures had been unsuccessfully applied to the defendant in the past, that a period of confinement might deter her from future criminal conduct, and that confinement was necessary to avoid depreciating the seriousness of the offense. The court specifically found that a fully suspended sentence was not in the best interest of justice, the public or the defendant. The defendant has not carried her burden of proving that this decision by the trial court was improper. This issue is without merit.

The defendant also contends that she was wrongly denied pretrial diversion. The record indicates that the District Attorney General denied her application; her brief unaccountably claims that the trial court denied her application. The record does not indicate that she petitioned the trial court for review of the District Attorney General's decision pursuant to T.C.A. § 40-15-105(b)(3). However, even assuming that the court below heard and denied a petition from the defendant, she has waived this issue by failing to pursue an interlocutory appeal prior to trial and conviction. T.R.A.P. 9 and 10; State v. Mecord, 815 S.W.2d 218, 219 (Tenn. Crim. App. 1991); State v. Wilson, 713 S.W.2d

4

85, 86-87 (Tenn. Crim. App. 1986).[1]  This issue is without merit.

For the reasons set forth above, the defendant's sentence is affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:


_____
GARY R. WADE, Judge


_____
THOMAS T. WOODALL, Judge

---

[1]Effective July 1, 1997, the Rules of Criminal Procedure have been amended to allow review of the trial court's denial of relief to the defendant under T.C.A. § 40-15-105(b)(3) by appeal as of right as well as by interlocutory appeal.  Tenn. R. Crim. P. 38.